JAMES B. JOHNSON, Executor, *vs.* BRIDGEWATER IRON MANUFACTURING COMPANY.

A bequest of income of shares in a corporation to the testator's widow for life, for her own support and the education of her children, includes a dividend declared thereon after her death, for a period which expired during her life, although the shares still stand in the name of the testator's estate; and her executor, after demand, may maintain an action for such dividend against the corporation.

ACTION OF CONTRACT by the executor of the will of Mary Johnson, to recover a dividend on twelve shares in the defendants' capital stock, part of the estate of her husband, Seth Johnson, who died in July 1826, and whose will was duly admitted to probate, and contained these clauses :

" *First.* I do give and bequeath unto my wife Mary the use

and improvement of all my estate, both real and personal, so long as she shall remain unmarried, to manage the same and dispose of the interest and income thereof for her own support, and for the education, support and maintenance of my children, in such manner and in such proportions as she may think they most need."

" *Secondly.* I give and devise unto all my children, their heirs and assigns, all my estate, both real and personal, after the decease or marriage of my said wife, equally to be divided between them and those who represent them."

The widow was appointed executrix, and as such received during her lifetime all the income of his estate. In 1831 she transferred the shares as collateral security for money borrowed for the use of herself and her children, upon payment of which they were retransferred and new certificates given to her in the name of the " Estate of Seth Johnson." She never married again, and died on the 12th of June 1856. On the 23d of June the corporation declared a dividend on these shares for the year which ended on the 31st of May 1856.

The plaintiff, as executor of her will, demanded of the defendants, and was refused, payment of this dividend, before commencing this action. Upon the death of Mrs. Johnson, an administrator *de bonis non* with the will annexed of the estate of Seth Johnson was appointed, and claimed and demanded said dividend of the defendants.

The parties submitted to the decision of the court the case above stated.

*S. D. Parker*, for the plaintiff, cited *St.* 1848, *c.* 310 ; *Wiggin* v. *Swett*, 6 Met. 194 ; *Howell* v. *Hanforth*, 2. W. Bl. 1016 ; *Reynish* v. *Martin*, 3 Atk. 330 ; *Webb* v. *Shaftesbury*, 11 Ves. 361 ; *Waring* v. *Purcell*, 1 Hill (Ch.) 199.

*J. P. Healy*, for the defendants. 1. The dividends sought to be recovered in this action never belonged to the plaintiff's testatrix. The income of the personal estate of Seth Johnson, which was bequeathed to her by his will, was bequeathed in trust for the purposes specified in the bequest. She died leaving this part of the trust unexecuted, and this part of the trust

fund unappropriated, either according to the will or otherwise. It therefore remains part of the estate of Seth Johnson.

2. If the testatrix was entitled to this dividend for her own use, this action cannot be maintained by her or her representative. The executor of Seth Johnson's will is the only person authorized to collect the dividend, or to discharge the corporation on payment thereof. If the plaintiff is entitled to the dividend, he can only recover it from the representative of Seth Johnson. *Buttrick* v. *King*, 7 Met. 20.

MERRICK, J. By the will of her husband, Seth Johnson, the plaintiff's testatrix became entitled to the use and improvement, so long as she should remain unmarried, of all the shares of the capital stock of the defendant corporation owned by him at the time of his death. By this bequest she became the owner of the income arising and derivable from the shares; and upon the dividend being made from year to year, the amount of each successive dividend belonged to her, and was so much money received by the corporation to her use. She could therefore, after demand, maintain an action against the corporation in her own name for its recovery. The shares remained in her hands as executrix of her husband's will, to be divided according to its provisions among his children at her marriage or decease; but the income up to the time of the occurrence of one of these events belonged exclusively to her. *Ellis* v. *Essex Merrimack Bridge*, 2 Pick. 248. It is immaterial that the dividend sued for in this action was not declared until after her death; because it was for gain and profit earned and acquired during the year preceding the 31st day of May next before her death. It was income therefore which belonged to her, although preparation for its payment was not made until after her decease. And for its recovery an action may be maintained by her executors against the defendants as for so much money had by them to her use. They must therefore be defaulted and

*Judgment entered for the plaintiff.*