McLARAN, Admr., etc., Respondent, v. THE CRES-
CENT PLANING MILL COMPANY, Appellant.

**St. Louis Court of Appeals, February 27, 1906.**

1. **CORPORATIONS: Declaration of Dividends: Debtor and Cred-
itor.** When the directors of a corporation formally declare a
dividend out of the profits existing at the time it is declared,
the relation of debtor and creditor is established between the
corporation and the stockholders; a debt is created against the
corporation and in favor of each stockholder for the amount
of the dividend due him on his stock.

2. ———: ———: ———: **Trust Fund.** It is not necessary for
the directors to go further and set apart a fund for the pay-
ment of the dividend; in that case, a trust fund would be set
apart for the use of the stockholders, giving them rights
thereto superior to the general creditors.

3. ———: ———: **Rescinding Dividend.** When a dividend has
been properly and formaly declared, it cannot be rescinded by
any subsequent action of the corporation, because a debtor
cannot revoke or rescind his debt.

Appeal from St. Louis City Circuit Court.—*Hon. Moses
N. Sale*, Judge.

AFFIRMED.

*Judson & Green* for appellant.

(1)   The action of defendant's directors in merely
adopting a resolution declaring a dividend was incom-
plete, and was not alone sufficient to vest in this plain-
tiff a right of action for the installment due April 1st.
Ford v. Easthompton Rubber Co., 158 Mass. 184; 9 Am.
and Eng. Ency. of Law, p. 680; 2 Cook on Corporations
(4 Ed.), sec. 534; Anderson's Law Dict., p. 369; 2
Thompson on Corp., sec. 2126; Ferry v. Eagle Lock Co.,
47 Conn. 141; Gordon v. Railroad, 81 Va. 621; Curry v.

Woodward, 34 Ala. 305; Uitrate Co. v. Schroder, 85 L. T. Rep. 22. (2) The court should have given defendant's declaration of law No. 2. Ford v. Easthompton Rubber Co., 158 Mass. 184.

*Robert L. McLaran* for respondent.

(1) When a board of directors of a corporation, upon a proper state of facts, passes a resolution declaring a dividend, the relation of debtor and creditor is thereby created between the corporation and its stockholders. Morawetz on Private Corporations, sec. 351; Lowne v. Ins. Co., 6 Paige's Ch. 482; Hunt v. O'Shea, 69 N. H. 600; Terry v. Eagle Lock Co., 47 Conn. 141; Wheeler v. N. W. Sleigh Co., 39 Fed. 347; Hill v. Newichawanic, 8 Hun 459, affirmed 71 N. Y. 593; DeGendre v. Kent, L. R., 4 Eq. 283; Hopper v. Sage, 112 N. Y. 530; Wright v. Loyd, 51 Ind. 272; Price v. Mining Co., 83 Mo. App. 476. (2) The directors cannot thereafter rescind their action and revoke the dividend. Morawetz on Private Corporations, sec. 445; 9 Am. and Eng. Ency. of Law, page 692; Beers v. Bridgeport Spring Co., 42 Conn. 17; Ex Parte Windsor, 3 Story 311. (3) If a special fund is set aside for the payments of the dividend, the relationship is changed from that of debtor and creditor to that of trustee and *cestui que trust*. Le Roy v. Ins. Co., 2 Edw. Ch. 657; In re Le Blank, 14 Hun 8.

STATEMENT.—The appellant, a business corporation organized under the laws of the State of Missouri, with a capital stock of $50,000, divided into 500 shares of the par value of $100 each, maintained its offices and conducted a manufacturing business in the city of St. Louis. Respondent's testator, Robert J. Humber, was in his lifetime proprietor of fifty-seven full paid shares of said corporate stock of the par value aforesaid, and was a director and for many years president of the board of directors of said corporation. The corporation being

solvent and possessing ample surplus funds, at a regular meeting of its board of directors, held on February 7, 1903, unanimously adopted the following resolution: "Moved and seconded that the company declare a dividend of six per cent, divided into four payments of one and one-half per cent each, payable February 15, April 1, July 1, and October 1, 1903." No further resolution was passed nor were there additional steps taken in any manner to set apart a fund out of which to pay the dividend, although the company was solvent and then had on hand, according to the showing made that day, something near $10,000 undivided profits and $29,000 surplus. Notwithstanding the fact that no separate resolution was adopted setting aside a fund out of which said dividend should be paid, the officers of the company proceeded to and did actually pay the plaintiff and other stockholders the first installment of said dividend, the one and one-half per cent installment falling due February 15, 1903. The one and one-half per cent installment falling due April 1st, was not paid and at a meeting of the board of directors held April 11th, it was shown that an error had been discovered in the previous showing of the financial condition of the company and that its assests were actually $6,000 less than had been understood, which reduced its surplus from $29,000 to $23,000. For this and other business reasons, which are unnecessary to enumerate here, but which appeared sufficient to the board of directors, the said board on that day adopted the following resolution: "Moved by Mr. Herman and seconded by Thomas Sparks that on the recommendation of the president's report rescinding and recalling of dividends payable April 1st, July 1st and October 1st be adopted; that payment of said dividends be indefinitely deferred and the said dividends rescinded and recalled." Whereby it sought to revoke and rescind the former declaration of dividends. The company was perfectly solvent and had ample funds on hand at the

time to pay the dividend and retain a comfortable surplus of $20,000.

Plaintiff requested the payment of his installment of the dividend falling due April 1st, which amounted to $235.50 and it was refused on the ground that its declaration and allowance had been superseded and set aside by resolution of May 11th, supra; whereupon he instituted this suit, an action at law, against appellant seeking to recover the amount of the installment due April 1st, $235.50, and six per cent interest thereon from April 1, 1903.

There is no controversy on the facts. The defenses interposed are that there was no declaration of a dividend for the reason the board of directors failed at the time, or at any time prior to the institution of the suit, to set apart a fund for the payment of the same. And second, that by resolution on April 11th, it set aside its former action and thereby rescinded and recalled the dividend.

On the trial before Judge Sale without a jury, the court refused a peremptory instruction to find for the defendant and also the following instruction requested by defendant:

"The court declares the law to be that if it believes and finds from the evidence that no funds were set apart for the payment of said dividend at the time of or after the same had been declared by the board of directors and that nothing was done in respect to the installment to be paid April 1, 1903, except to adopt the resolution declaring the said dividend, and that thereafter on or about the 11th day of April, 1903, the board of directors of defendant corporation, in good faith, adopted a resolution rescinding and recalling said dividend, then plaintiff cannot recover," and found the issues for the plaintiff. The defendant corporation appeals.

Since the judgment in the court below in his favor and since the lodgment of the appeal in this court, plaintiff has departed this life, leaving a will, and his coun-

sel, Robert L. McLaran has been appointed his adminis-
trator with the will annexed. The death of the plain-
tiff having been suggested in this court and an order of
revival heretofore made, the case now stands revived
in the name of his administrator.

NORTONI, J. (after stating the facts). —1. As
will appear by reference to the statement of facts, we
have to deal with the declaration of a cash dividend by a
solvent corporation possessed of ample undivided profits
and surplus, under circumstances that made its declara-
tion entirely competent and proper. And here it may
not be out of place to say that the court is grateful to the
learned counsel representing either party for most care-
fully prepared and thoughtful briefs presenting the sev-
eral views of the application of pertinent principles. In-
deed, there is but one question presented for decision,
and it seems not difficult of solution. It is of more or
less importance, however, in the world of commerce in
this age when such an exceeding large per cent of cap-
ital is invested in corporate stock rather than individual
or partnership undertakings, and we have therefore
given thoughtful attention to the careful presentation of
principles and the argument in the briefs which we have
found to be highly instructive.

The precise questions arising on the record calling
for the opinion of the court are:

First. Whether the mere declaration of a dividend
by a solvent corporation under such circumstances as
indicated, creates a debt in favor of the stockholder and
against such corporation for the amount of such divi-
dend in the absence of further express action on the part
of the board of directors, setting aside a fund out of
which to pay such dividend?

Second. Is it competent for such corporation, after
having declared the dividend, to pay one installment
thereon and to rescind and recall the installments there-
of yet unpaid?

Counsel for appellant presents the following definitions of the word "dividend," from the authorities cited:

"A dividend is defined as follows: 'A profit *set aside,* declared by the board of directors of a corporation and ordered by them to be distributed among the holders of its stock.' [9 Amer. and Eng. Ency. Law (2 Ed.), 680]. 'A dividend is a corporate profit, *set aside,* and ordered by the directors to be paid to the stockholders on a fixed date.' [2 Cook on Corp. (4 Ed.), sec. 534]. 'A dividend is a fund which the corporation *sets apart* from its profits to be divided among its members.' [Anderson's Law Dictionary, p. 369]. 'A dividend is that portion of the profits and surplus funds of the corporation which has been *actually set apart* by a valid resolution of the board of directors, or by the shareholders at a corporate meeting, for distribution among the shareholders according to their respective interests, in such a sense as to become segregated from the property of the corporation, and to become the property of the shareholders, distributively.' [2 Thompson on Corporations, sec. 2126.]"

Upon the words "set aside," "set apart," and "actually set apart," employed in the definitions above stated, the learned counsel predicates the argument that a resolution declaring a dividend is not sufficient to create a dividend, or, in other words, to create a debt from the corporation to the stockholders therefor, in the absence of further action on the part of the corporation setting apart a fund out of which the dividend or debt is to be paid. It is insisted that such resolution declaring a dividend, as in this case, is but an expression of intention in that behalf, which, to constitute it effectual for that purpose, must be followed or accompanied with competent action as well, setting aside a fund out of which the dividend is to be paid when due, and until such fund is set aside for that purpose, no dividend has been declared and no right thereto is vested in the stockholders, and therefore it is competent for the same authority to rescind or recall the former action in that be-

half. In short, it is argued that a declaration of a dividend and the fixing of a time for its payment does not create a dividend in the absence of the setting apart a fund out of which it is to be paid. With this thought in mind, we have carefully examined the many authorities and find the fundamental idea ·running through every case (save one) to be that if the declaration of the dividend is fairly and properly made, out of profits existing at the time it is declared, the relation of debtor and creditor is thereby established between the corporation and the stockholders and a debt is thereby created against the corporation and in favor of the stockholder for the amount of the dividend due on the stock held by him. There can be no doubt that this idea pervades the entire adjudicated law on the subject. [Lowne v. Amer. Fire Ins. Co., 6 Paige's Ch. Rep. 482; Hunt v. O'Shea, 69 N. H. 600; Terry v. Eagle Lock Co., 47 Conn. 141; Wheeler v. N. W. Sleigh Co., 39 Fed. 347; Hill v. Newichawanick, 8 Hun (N. Y.) 459; s. c., 71 N. Y. 593; De Gendre v. Kent, L. R. 4 Eq. 283; Hopper v. Sage, 112 N. Y. 530; Bright v. Lord, 51 Ind. 272; Ex Parte Windsor, 3 Story 411; Price v. Mining Co., 83 Mo. App. 470; Leroy v. Globe Ins. Co., 2 Edward's Ch. 657; Beers v. The Bridgeport Spring Co., 42 Conn. 17; King v. Paterson, etc., Ry. Co., 29 N. J. L. 504; King v. Paterson, etc., Ry. Co., 29 N. J. L. 82; In re Le Blanc, 14 Hun (N. Y.) 8; Mo. Baptist San. v. McCune, 112 Mo. App. 332.]

All of the text-writers agree on this doctrine. [2 Thompson on Pri. Corp., sec. 2134; 1 Morawetz on Pri. Corp. (2 Ed.), 450; 2 Cook on Corp. (4 Ed.), sec. 541; 9 Amer. and Eng. Ency. Law (2 Ed.), 689-690.] And the doctrine is that a dividend is considered parcel of the mass of corporate property until declared and therefore incident to and parcel of the stock up to the time it is declared, and before its declaration, will pass with the sale or devise of the stock. Whosoever owns the stock prior to the declaration of a dividend, owns the dividend

also, but the moment the dividend is declared it becomes then separate and distinct from the stock and the dividend falls to him who is proprietor of the stock of which it was theretofore incident.

In De Gendre v. Kent, L. R. 4 Eq. 283, such dividends were happily likened to fallen fruit which does not pass with the sale or gift of the tree; the principle clearly established being that the act of declaring the dividend operates as a severance thereof from the stock, and as said in Missouri Baptist Sanitarium v. McCune, 112 Mo. App. 332, the time the law fixes in adjusting the ownership of dividends is the time when the dividends were declared and thus severed from the stock of which they were theretofore treated as incident. Under the foregoing principles, a specific legatee of corporate shares is entitled to all dividends which are declared after the death of the testator. [Thompson on Pri. Corp., sec. 2206; Cook on Corp., sec. 539; Wright v. Warren, 4 De Gex Rep. 367; Browne v. Collins, 12 Eq. 586; Ibotson v. Elam, 1 Eq. 186; Jacques v. Chamber, 2 Collyer 435.] A transfer of stock passes, of course, all dividends declared subsequent to the transfer although the dividend was earned before the transfer was made. A legatee of shares takes the stock as it was at the time of the testator's death. All dividends declared previous to that event go to the administrator. [Cook on Corp., sec. 539; Brundage v. Brundage, 60 N. Y. 544, 12 Ct. App. Reps. 934; In re Kernochen et al., 104 N. Y. 618; Johnson v. Bridgewater Iron Mfg. Co., 80 Mass. 274; 14 Gray 274.] And upon the principle that the declaration of the dividend operates as a severance thereof from the stock in the general mass of the corporate property, and raises from such declaration an implied promise on the part of the corporation to pay the stockholder the amount of the dividend, it has been adjudicated that when moneys for the payment of such dividends are not set apart for the payment thereof, but are permitted to remain still in the corpus of such corporate estate after the declara-

tion, the stockholder stands as a general creditor of the concern in bankruptcy who can come in only ratably with such creditors, looking to the general estate for liquidation of his dividend debt. [Lowne v. Amer. Fire Ins. Co., 6 Paige's Ch. 482; Hunt v. O'Shea, 69 .N. H. 600.] While on the other hand, the converse of this principle has been stated and applied in cases where the dividend has been declared and a fund set apart out of which to pay the same. Under such circumstances, it is held that such action on the part of the corporation in setting aside the fund for the specific purpose constitutes such moneys a trust fund in the hands of the corporation for the use of the stockholders, and in event of the bankruptcy of the corporation, the stockholders are not required to go in pro rata with the general creditors for such unpaid dividends, but may proceed as against a trustee on account of such trust fund and recover the whole of their pro rata thereof. [Leroy v. Globe Ins. Co., 2 Edward's Ch. Rep. 657; King v. Patterson, etc., Ry. Co., 29 N. J. L. 504; In re Le Blanc, 14 Hun (N. Y.) 8; Hunt v. O'Shea, 69 N. H. 600.]

Wherefore, it appears that the principle obtains that the mere declaration of the dividend, without more, by competent authority under proper circumstances, creates a debt against the corporation in favor of the stockholder the same as any other general creditor of the concern; whereas, the setting apart of a fund after or concurrent with the declaration, out of which the debt thus created is to be paid, passes one step further toward securing the payment of the identical fund to the shareholder inasmuch as the law treats the setting apart of such fund as a payment to the corporation as trustee for the use of the stockholder, on which fund the stockholder has a lien, and to which fund he has rights superior to the general creditor.

From these considerations we are persuaded that the mere declaration of the dividend itself, without the setting aside of the fund, creates a debt and that when

the learned text-writers supra employed the terms "set aside," "set apart," and "actually set apart," as above pointed out, they proceed upon the theory and principle supra, that the act of declaring a dividend, operating as it does, as an actual severance of the dividend from the stock and corpus of the corporate property and estate, is *ipso facto*, in and of itself, the setting apart, setting aside and segregating such dividends in the sense that it creates an immediate right of the stockholder to demand and recover the same when due, inasmuch as thereby it is actually severed and segregated from the other property. This seems quite clear by noting the manner in which the authorities have employed the expressions and applied the pertinent principles in the adjudicated cases. The doctrine is that by the mere declaration, the dividend becomes immediately thereby separated and segregated from the stock and exists independently of it; that the right thereto becomes at once immediately fixed and absolute in the stockholder and from thenceforth the right of each individual stockholder is changed by the act of declaration from that of partner and part owner of the corporate property to a status absolutely adverse to every other stockholder and to the corporation itself, in so far as his pro rata proportion to the dividend is concerned. [Wheeler v. N. W. Sleigh Co., 39 Fed. 347; Beers v. Bridgeport Spring Co., 42 Conn. 17; Hill v. Newichawanick, 8 Hun (N. Y.) 459; Hopper v. Sage, 112 N. Y. 530; Bright v. Lord, 51 Ind. 272; Terry v. Eagle Lock Co., 47 Conn. 141; Hunt v. O'Shea, 69 N. H. 600; 2 Thompson on Pri. Corp., sec. 2134; 9 Amer. and Eng. Ency. Law (2 Ed.), 689-690.]

2. It follows, of course, that a cash dividend, properly and fairly declared, cannot be revoked by the subsequent action of the corporation, for if, by the declaration of the dividend, the corporation thereby becomes the debtor of the stockholder, it goes without saying that the debtor cannot revoke, recall or rescind the debt

117 App—4

or otherwise absolve itself from its payment by any action on its part against or without the consent of the creditor, and therefore the resolution of April 11th, attempting to so do, was of no force. [Ex Parte Windsor, 3 Story 411; Beers v. Bridgeport Spring Co., 42 Conn. 17; 1 Morawetz Pri. Corp. (2 Ed.), 445; 9 Amer. and Eng. Ency. Law (2 Ed.), 629.] Nor can a corporation for the obvious and confessed purpose of defeating its payment, by circumvention, defeat it by making an assessment on the stock payable on the same day as was the previously declared dividend. The opinion in this case is by Judge (afterward Justice) STORY, and is worthy of attention. [Ex Parte Windsor, 3 Story 411.]

It is said, however, that the reasons which preclude a corporation from rescinding a cash dividend after its having been declared, do not obtain in a case of a stock dividend, presumably upon the principle that inasmuch as the act of declaring the cash dividend not only creates a debt but thereupon severs the amount thereof from the mass of the corporate funds and property, and cannot be recalled for the reason the debtor cannot cancel a debt and rehabilitate or re-establish the fruit on the tree, so figuratively referred to in the case supra; whereas the act of declaring a stock dividend does not, of itself, operate to sever the stock to be thereafter issued from the other corporate property, inasmuch as there is no stock to be severed and as the new stock cannot be issued until certain precedent conditions and formalities are complied with, such as issuing stock, the filing of certificates with the proper authorities, etc. [Terry v. Eagle Lock Co., 47 Conn. 441; Hollingshead v. Woodward, 35 Hun (N. Y.) 410; 9 Amer. and Eng. Ency. Law (2 Ed.), 692.] But we are not concerned with this here and it will not be further noticed.

Ford v. East Hampton Rubber Thread Co., 158 Mass. 84, is cited and relied upon by appellant as authority for the action of the board of directors in rescinding the dividend. In that case it appears that the

board of directors made and declared a dividend, but before notifying any of the stockholders except the directors themselves who were present, and without having set apart a fund for its payment, rescinded and recalled their action declaring the same. The court held, laying stress upon the facts that none of the stockholders knew of the original vote by which the dividend was declared, and that no fund had been distinctively set apart for its payment, "the passage of the vote did not constitute an actual contract of the corporation with the stockholders, but was merely a mode of dividing its profits, and it is therefore competent under the circumstances, to rescind the dividend." The decision of that case can only be sustained upon the theory that the declaration of the dividend did not create a debt to the stockholders, for if a debt was thereby created, it is preposterous to say that such debt can be cancelled by the action of the debtor without the consent of the creditor. In fact, we understand the opinion, inasmuch as it is there asserted that "the passage of the vote did not constitute an actual contract of the corporation with the stockholder," as holding that the declaration of the dividend did not create a debt; and if this be its holding, it stands out boldly, single and alone in this country against an unbroken line of cases and overwhelming weight of authority that we are not at liberty to disregard, were we so inclined, and we are not. To do so would be striking an unpardonable blow at the adjudicated and settled law on the subject. On the other hand, if that case proceeds and predicates upon the theory that the declared dividend is a debt, which proposition is so well established that it is now far removed from the realm of controversy, and that being such debt, it is competent for the debtor to rescind it without the consent of the creditor, it is so palpably unsound as to require neither citation nor argument to refute it. The decision in that case conflicts with the fundamental principle underlying the adjudicated law on the subject, and we are not only

compelled to decline to follow it, but to dispute its authority as well.

The court is therefore of the opinion that the learned trial judge properly refused the instruction requested. The judgment will therefore be affirmed. It is so ordered. *Bland, P. J.,* concurs; *Goode, J.,* absent.