### REALTY INV. CO. v. MOORE, Collector of Internal Revenue.

No. 18899.

District Court, N. D. Ohio, E. D.

June 11, 1937.

JONES, District Judge.

This action was submitted upon the pleadings, stipulation of facts, and· briefs of the parties. The suit is one to recover dividend excise taxes paid where refund

was denied. The question is whether the corporation's board of directors made a valid declaration of dividend before the effective date of the National Industrial Recovery Act § 213 (a), 48 Stat. 206.

I think that the resolution of June 10, 1933, was not a valid and complete dividend declaration within the meaning of the act, so as to deprive the defendant of the right to collect the tax. There was no valid and unconditional declaration of a dividend in respect of the distribution of profits until December 1, 1933. The effective date for completing the declaration was left to the discretion of the board of directors. So long as the directors deferred action on the date of distribution, there was no relationship of debtor and creditor created. Certainly, there is no completed declaration of a dividend within the intendment of the statute where the matter of its payment is left to the discretion of the directors. A valid declaration of a dividend contemplates a date of payment. A declaration of a dividend which leaves undetermined the date of its payment is a mere promise to pay when the directors decide to do so. The stockholders have no right to receive until the directors exercise their discretion to give, and a discretion to give is not exercised until the decision is made to pay. The simple fact is that on June 10, 1933, the directors of the plaintiff corporation resolved to pay a further dividend when they should resolve to do so.

Defendant's motion for judgment will be sustained, and its requested findings and conclusions adopted. Exceptions may be noted for the plaintiff.