### LOCKHART IRON & STEEL CO. v. O'TOOLE, Collector of Internal Revenue.

No. 8430.

District Court, W. D. Pennsylvania.

Feb. 14, 1938.

Wright & Rundle, of Pittsburgh, Pa., for plaintiff.

Chas. F. Uhl, U. S. Atty., of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

Defendant has filed an affidavit of defense raising a question of law as to whether the plaintiff's statement of claim sets forth a good cause of action.

The facts disclosed by the statement of claim are these:

The plaintiff, a Pennsylvania corporation, with a capital of $3,000,000, at a meeting of its directors held on March 2, 1923, adopted the following motion: "On motion of T. J. Gillespie, seconded by James H. Lockhart, a regular dividend of two (2%) per cent quarterly payable at the usual time was declared until further notice."

From March, 1923, until and including December, 1931, a dividend of 2 per cent. was paid on the last days of March, June, September, and December each year, in pursuance of this resolution.

On November 7, 1931, the directors of plaintiff passed the following resolution: "Upon motion duly seconded, it was decided to change the dividend to one and one-half (1½%) per cent payable quarterly beginning with the close of the first quarter of 1932 and continuing at the regular periods until further notice." At this date, the accumulated earnings of plaintiff available for the payment of dividends were $527,399.98. Dividend payments at the reduced rate were paid during the years 1932 and 1933 from accumulated earnings, although the plaintiff sustained a loss from the operation of its business during the year 1933.

On June 16, 1933, Congress enacted the National Industrial Recovery Act, c. 90, 48 Stat. 195, 206, which provided, among other things:

"Sec. 213. (a) There is hereby imposed upon the receipt of dividends (required to be included in the gross income of the recipient under the provisions of the Revenue Act of 1932) by any person other than a domestic corporation, an excise tax equal to 5 per centum of the amount thereof, such tax to be deducted and withheld from such dividends by the payor corporation. The tax imposed by this section shall not apply to dividends declared before the date of the enactment of this Act.

"(b) Every corporation required to deduct and withhold any tax under this section shall, on or before the last day of the month following the payment of the dividend, make return thereof and pay the tax to the collector of the district in which its principal place of business is located, or, if it has no principal place of business in the United States, to the collector at Baltimore, Maryland.

"(c) Every such corporation is hereby made liable for such tax and is hereby indemnified against the claims and demands of any person for the amount of any payment made in accordance with the provisions of this section."

Pursuant to this act, plaintiff filed its returns, Form 1043, disclosing the payment of dividends in the amount of $45,000, each on the dates of June 30, September 30, and December 21, 1933, in each return deducting the sum of $45,000 as exempt from the tax imposed by the National Industrial Recovery Act. Thereafter, the Commissioner of Internal Revenue advised plaintiff these dividends were not deductible. The defendant-collector demanded and received from plaintiff taxes in the sum of $6,750 plus interest in the sum of $876.57, as taxes due and payable on the dividends distributed on June 30, September 30, and December 21, 1933.

Plaintiff then filed claims for refund of these taxes and interest thereon, which claims were disallowed and rejected by the Commissioner of Internal Revenue on August 24, 1935. Plaintiff subsequently brought this suit.

The question presented is whether these three dividends fall within the exemption provided in section 213 of the act in these words: "The tax imposed by this section shall not apply to dividends declared before the date of the enactment of this Act." The answer depends on the proper construction of the resolution declaring these dividends. The Government contends that the words "Until further notice" in the dividend-resolution were not such a firm declaration of a dividend as to bring the plaintiff within the exemption of the act, because the dividend-resolution did not irrevocably commit the corporation to continue payment, and because the three dividends in controversy were not really declared in the instant case until the payments were made.

The Treasury Department in I. T. 2744, published in XII-2 Cumulative Bulletin 402, interprets section 213(a) as follows: "Following the established rule of construction, the expression 'dividends declared' as used in the statute is to be construed and applied according to its accepted legal meaning. Briefly stated, the declaration of a dividend by the board of directors of a corporation has the legal effect of creating the relationship of debtor and creditor between the corporation and the stockholder, and the rights of the stockholder as such creditor become immediately vested regardless of the fact that the dividend may be payable at some future time. In order for a dividend to be fully 'declared' within the meaning of the statute the action taken by the board of directors must be such as to create the relationship of debtor and creditor between the corporation and the stockholder, and the debt so created must be a legal and enforceable debt which is definite, final, and irrevocable. A dividend so declared of course effects an appropriation of surplus to the payment of the debt thereby created."

As we view the situation, this is a correct interpretation of the statute. To con-

stitute a valid declaration, the resolution must by its terms create a binding and enforceable obligation on the part of the corporation to pay. McLaran v. Planing Mill Co., 117 Mo.App. 40, 93 S.W. 819; United States v. Murine Co., 7 Cir., 90 F.2d 549; Realty Investment Co. v. Moore, D.C., 22 F.Supp. 918, decided June 11, 1937, Commerce Clearing House, 1937, par. 9401.

The resolution in the instant case is not an irrevocable declaration of a dividend, because, by the use of the words "Until further notice," the directors have retained the power to change the declaration. Until the actual payment, the corporation was not irrevocably committed to pay. We, therefore, conclude that the plaintiff is not entitled to recover in this case.

We will sustain the affidavit of defense raising questions of law and enter judgment for the defendant. An order may be submitted accordingly.