Estate of Charles L. Grigg, Deceased, Hamblett C. Grigg, Executor v. Commissioner.
Estate of Grigg v. Commissioner
Docket No. 112473.
United States Tax Court
1944 Tax Ct. Memo LEXIS 358; 3 T.C.M. (CCH) 166; T.C.M. (RIA) 44045; February 25, 1944
*358 Edward Lake, Esq., for the petitioner. G. W. Reardon, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in the amount of $7,598.49 in petitioner's income tax for that part of the year 1940 subsequent to the death of its decedent, on April 16, 1940. The deficiency resulted mainly from the disallowance of a claimed deduction of $20,000 as income of the estate properly paid to a legatee during the taxable year. Certain other minor adjustments made by the Commissioner in determining the tax liability of petitioner, and contributing to the amount of the deficiency, are not now contested. Findings of Fact The parties have filed a stipulation of facts. We find the facts to be as stipulated and incorporate herein by reference the stipulation, together with exhibits attached thereto. The facts may be summarized as follows: The petitioner is the duly appointed and acting executor of the Estate of Charles L. Grigg, deceased, of St. Louis, Missouri. He filed the income tax return of such estate with the collector of internal revenue for the first district of Missouri, at St. Louis. His accounts were kept on the cash receipts *359 and disbursements basis. Charles L. Grigg, the decedent, died in St. Louis on April 16, 1940, and his will was duly probated there on May 1, 1940, and letters testamentary were issued to Hamblett C. Grigg, the executor named in the will, who has served as such executor at all times since his appointment. Among the items contained in the will was a bequest of fifty shares of capital stock of The Seven-Up Company, a Missouri corporation, evidenced by stock certificate numbered 6, issued November 23, 1937, to the testator's son, Hamblett C. Grigg (who is also the executor and petitioner herein) in trust for the purpose of providing, from the moneys received as dividends thereon, certain annual payments to the brother and daughter of the testator, with further provision for the disposition of the trust fund upon the death of both beneficiaries. During the period from April 16, 1940, to and including December 31, 1940, the estate received as dividends on the Seven-Up Company stock the total amount of $40,000, declared and paid after the death of the testator. On December 31, 1940, the petitioner as executor issued a check, in the amount of $20,000, payable to Hamblett C. Grigg, trustee, *360 representing a part of the dividends which had been received by the estate during the year, as set out above. This check was immediately deposited in the trustee's bank account, and was thereafter cleared and paid. No distribution was made during the period involved here by the trustee to the beneficiaries of the trust. The executor filed a petition on December 28, 1940 asking authority to make the payment of $20,000 to the trustee, and this was granted by the Probate Court in an order entered January 3, 1941. Later, in 1941, the executor filed with the Probate Court an annual statement showing the payment of the $20,000 to himself as trustee on December 31, 1940 as a partial distribution of income received on the Seven-Up stock. This annual statement was examined and approved by the court. The trustee filed a fiduciary Federal tax return for 1940 in which he reported the receipt by the trust of the $20,000 involved here, and paid the income tax due thereon. Opinion KERN, Judge: The single issue presented for our decision is whether the respondent erred in disallowing the deduction in the amount of $20,000 claimed by petitioner as income of the estate properly paid to a legatee, *361 within the provisions of section 162 (c) of the Internal Revenue Code. The contention of the respondent is that the dividends received by the estate during the period of administration, although received as income, became an increment to the corpus thereof, and that the payment thereupon of $20,000 to the trustee was in the nature of a final transfer of a part of the corpus of the estate and constituted part of the legacy, so that there was no income of the estate, as such, properly paid or credited in 1940 to the legatee within the meaning of section 162 (c). That section reads as follows: SEC. 162. NET INCOME. The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that - * * * * *
(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estates, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computting the net income of the estate or trust the amount of the income of the estate or trust for its *362 taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary. In order to qualify as a deduction under this section, the amount so paid or credited must have been received by the estate as income, and it must constitute taxable income in the hands of the legatee who receives it. Respondent relies on Weigel et al. v. Commissioner, 96 Fed. (2d) 387; Emma Sanders Norris v. Glenn, (D.C.W.D. Ky. 1943), 48 Fed. Supp. 673; Estate of Frank B. Anderson v. Commissioner, 126 Fed. (2d) 46; Sitterding v. Commissioner, 80 Fed. (2d) 939; Elizabeth S. Whitaker v. United States, 44 Fed. Supp. 484. It seems to have escaped respondent's notice that these cases, without exception, involved residuary legacies. The Weigel case, supra, can be further distinguished on the fact that the claimed deduction represented capital gain, and not income in the ordinary sense. In *363 the case of residuary legacies the corpus of the legacy is made of whatever residue remains in the estate for distribution after satisfying the specific bequests and instructions of the testator. Whatever goes to make up that fund, whether it was a part of the original corpus of the estate, or resulted from a sale of some part or all of such corpus, or was received by the estate as income during the period of administration, from whatever source derived, is all then a part of the residue, which was disposed of by the residuary clause. In such circumstances it might be argued that its transfer, in whole or in part, to the legatee is, pro tanto a final transfer of the corpus of the legacy, and as such is not taxable to the legatee, by reason of the exclusion provided by section 22 (b) (3). Since taxability in the hands of the legatee is a condition attached to the allowance of the deduction, respondent would have a strong argument that the estate would not be entitled to deduct such payments from its income under section 162 (c). But the same reasoning would not apply to specific legacies, which are basically dissimilar to residuary legacies. The specific object there bequeathed *364 constitutes the corpus of that legacy. The legatee is entitled to the income accruing on it from the time of the testator's death, according to the general rule (69 C.J.P. 1154) and that which prevails in Missouri. McLaren v. Crescent Planing Mill Co., 117 Mo. App. 40; Missouri Baptist Sanitarium v. McCune, 112 Mo. App. 332; Helen S. Estey v. Commerce Trust Co., 333 Mo. 977. If income on the specific legacy has been received by the estate during the period of the administration, the legatee is entitled to the corpus of the legacy, in this case the corporate stock, plus the income from the date of the testator's death. The latter is income to the legatee, stemming from its ownership of the property from which it arose. Estate of Ida A. White, 41 B.T.A. 525. As such income, it is taxable to the legatee by the express terms of the statute. Therefore, the executor may deduct the amount of the income from the specific legacy paid by him to the trustee. We conclude that the respondent erred in disallowing the deduction. Decision will be entered for the petitioner. *365