### BROWN *versus* WEYMOUTH.

Chapter 564, special laws of 1839, provides, " that the property and affairs of said corporation, (Georges Canal Company) shall be managed by a board of directors," and the " treasurer is authorized to receive the assessments due from stockholders."

The treasurer has no authority to pay the debts of the company without the order of the directors.

Nor can he set off the debts due *from*, by those due *to* the company.

Thus a note, given by a debtor to a creditor of the company, by an agreement with their treasurer to cancel the indebtedment of the one by the credit of the other, the act being done without the authority or ratification of the directors, is without legal consideration and cannot be enforced.

On Facts agreed.

Assumpsit, on a promissory note for one hundred dollars.

At the time the note was given, defendant owed the " Geor-ges Canal Company" $100, for an assessment on his shares, and the company owed the plaintiff $100. The treasurer agreed with the parties, that the defendant's debt to the com-pany might be discharged by giving the note in suit to the plaintiff, and thereby pay to him what the company owed him. The plaintiff took it and gave a receipt to the com-pany for that amount of his claims against them, and the treasurer gave to defendant a receipt for what he owed the company.

A nonsuit or default is to be entered, as the Court should find the law to require.

*W. G. Crosby*, for plaintiff.

The defence here probably is, that there is no valid con-sideration for the note.

Whether the treasurer of the company had authority, by virtue of his office, to pay a creditor of the company in money or choses in action belonging to them, is not a proper matter for consideration in the present case. If the treasurer has paid to the plaintiff the amount of his claim against the company, and in so doing misappropriated company funds, that is a matter with which this defendant has nothing to do. It is immaterial to him what became of his note, so far as his legal rights are concerned.

The treasurer, as the very title of his office implies, was authorized to receive payment for all debts due the company, and to give the proper acknowledgment therefor. The de-fendant was indebted to the company in the sum of $100; that sum he *paid* by giving the note in suit; the mode of pay-ment was satisfactory to the treasurer, who thereupon gave him a receipt. His debt then was paid to the company and the discharge from that liability constituted a good and valu-able consideration for the note.

But without this, and apart from it, there is a valuable consideration for the note. The plaintiff was a creditor of

the company, and in consideration of defendant's promise to pay him $100, discharged the company from their indebtedness to that amount. The relinquishment of his claim constituted a good consideration for the note, even if defendant reaped no benefit from it. *Chick* v. *Trevett & als.* 20 Maine, 462.

*Abbott* and *Howes*, for the defendant.

The note is void for want of consideration. A treasurer of a corporation has no authority, by virtue of his office, to pay, much less to compromise the liabilities of the corporation, without special authority. He has no authority, by virtue of his office, to receive any thing in payment of debts due the corporation, except money. His official duty does not extend beyond receiving money due the corporation and paying it out in obedience to votes of the corporation, or orders drawn or given by the directors.

The treasurer of the Georges Canal Company, by virtue of his office, had no right or authority to enter into the agreement and arrangement he did with the plaintiff and defendant. Hence, he acting without the scope of his authority, his acts did not bind the corporation. His receipt, given to the defendant, acknowledging the receipt of one hundred dollars, the defendant owed the company, is only *prima facie* evidence of payment, subject to explanation; and as the case finds that no money, or even other property was actually paid, but that the receipt was given under an unauthorized agreement with the treasurer and plaintiff, it is very obvious that the receipt does not discharge the defendant's liability to the corporation, unless the corporation subsequently ratified the doings of the treasurer, which fact does not appear.

The defendant's liability to the corporation, is the same now as it was before the note was given; and if he should be compelled to pay the note to plaintiff, he would have to pay his assessment to the corporation, the same as if the note had not been given.

Nickerson *v.* Nickerson.

RICE, J. — The only question in the case is, whether the treasurer had authority by virtue of his office to bind the company by the acts which he performed.

The ordinary duties of a treasurer are to receive, safely keep, and disburse under the supervision of the directors, the funds of the company.

The charter of the company, c. 564, special laws of 1839, § 10, provides "that the property and affairs of said company shall be managed by a board of directors, not less than three nor more than seven."

The treasurer by the charter was authorized to receive assessments due from stockholders, but he had no authority to pay the debts of the company unless by order of the directors, nor to cancel, compromise or off-set, claims due from the company by those due to it. Any attempt on his part thus to control the business of the company would be to assume powers specifically conferred by the charter upon the directors, and all such acts, unless ratified by the company, would be void.

The arrangements out of which the note in suit originated, are to be viewed together, as constituting one transaction, in which the treasurer very clearly exceeded his authority. There is no evidence that his acts have been ratified by the company. They are, consequently, without validity, and no legal rights could spring from them to the parties thereto. The note in suit is therefore without legal consideration.

*A nonsuit is to be entered.*

SHEPLEY, C. J., and TENNEY, HATHAWAY and APPLETON, J. J., concurred.

---

(*) NICKERSON *versus* NICKERSON.