PETERBOROUGH RAILROAD v. WOOD & a.

If parties do not duly request a referee to report the facts found by him proved, his report will not be recommitted for such purpose unless the party asking it show good cause for his delay.

A treasurer of a corporation has no authority to pay himself a claim he holds against it, unless the claim has been approved and its payment authorized by the corporation.

When there is no ambiguity in a recorded vote of the directors of a corporation, it is to be construed by its terms alone, and parol evidence of the understanding of a majority of the directors as to its meaning or effect is not admissible.

Under the bankrupt act of 1867, a debt arising from the misappropriation to his own use of the funds of a corporation by the treasurer thereof, was not affected by his discharge in bankruptcy.

DEBT, on the bond of the defendant Wood as treasurer of the plaintiff railroad. Plea of performance. Replication denying performance, and alleging that Wood as treasurer received certain moneys belonging to the plaintiffs which he has never accounted for, specifying among other sums the following: "On or about Sept. 30, 1875, $4,261." Defendants also pleaded the discharge of Wood in bankruptcy April 15, 1879. The cause was heard by a referee, who reported in favor of the plaintiffs, subject to the opinion of the court, upon the following statement: Under the above item of $4,261 the plaintiffs offered evidence to prove that in September, 1875, the defendant Wood made out a bill in favor of himself against the corporation for services as treasurer, &c., to that amount, and that he took the amount of it from the funds of the corporation in his hands as treasurer as in payment of the same; that said bill had never been approved, or the payment thereof authorized, by the directors or by any proper authority of the corporation; but that when the bill was presented to the directors, at their meeting held a few days previously, for approval, it was by their vote referred to a committee, consisting of the president of the board, and Mr. Hosford who was not a member of it, for adjustment; and no further action relative to the same had been taken

by that committee or the directors. The plaintiffs claimed that said bill was unreasonable, and not a proper and valid claim against the corporation. But the defendants, for the purpose of explaining what they claimed was an ambiguity in the words "for adjustment" in the vote referred to, and also of justifying the bill and the taking payment thereof by said Wood as aforesaid, proposed to offer the testimony of a majority of the directors, who were present at the meeting above mentioned, to show that they understood at that time that the bill was to be paid in full as presented. But the referee ruled that the proposed evidence would be incompetent and insufficient to show such an approval and allowance of the bill as would justify the payment of it by said Wood to himself, as above stated.

The defendants further offered evidence to prove that there was a contract between the corporation and the Nashua & Lowell Railroad, by which the latter agreed to take and operate the road of the plaintiffs when constructed, and pay a rent therefor of six per cent. on the cost of its construction; that when said Wood took said sum of $4,261 as above mentioned, payment was duly entered by him on the books of the corporation in his charge as treasurer, and his receipted bill placed on file as a voucher therefor; that subsequently, when examination relative to the cost of construction was made by a committee of the two parties to the contract for the purpose of ascertaining that cost so as to fix the rent, the amount of cost as found by the committee was the same as it appeared from the accounts of the treasurer, and included the sum in question, and that the rent has been reckoned and received by the plaintiffs accordingly; and the defendants claimed that under the circumstances the plaintiffs were estopped to deny the propriety or validity of the item referred to.

But the referee finds that the above proceedings were had without there being any knowledge, until afterwards, on the part of the directors of the corporation or of the committee, of the transactions by said Wood relative to said bill, or of the entry of the payment, &c., in the accounts of the corporation, or of its being included in the cost of construction, as above mentioned, and without any such neglect to examine the accounts of the corporation so as to see what they included, as should bar them or the corporation from now alleging such want of knowledge; and holds that the plaintiffs are entitled to recover of the defendants as damages in this action the amount of the excess of the sums specified in the plaintiffs' replication, and which had been taken by said Wood from the funds of the corporation in his hands as treasurer over the amounts which were due to him from the corporation on the claims for which they were so taken by him. And the referee further finds that a discharge in bankruptcy had been duly granted to said Wood, as alleged in his plea relative thereto.

On motion of the defendants' counsel, the report was recommitted

generally to the referee.   Subsequently the defendants filed in the trial term a motion that the report be again recommitted, with instructions to report the facts relative to the matters set forth in the motion.   Motion denied, and the defendants excepted.

*C. H. Burns*, for the plaintiffs.

*W. W. Bailey* and *Sawyer & Sawyer, Jr.*, for the defendants.

BLODGETT, J.   I.   The defendants' motion for a recommitment of the report, with instructions to the referee to state the facts as to the matters set forth in the motion, was properly denied.   The statute imposes upon referees the duty of "stating specifically their rulings upon all questions of law, and stating all matters of fact found by them proved, if either party shall so request."   G. L., c. 231, s. 11.   So far as appears, the defendants made no such request, nor is any reason assigned for their neglect to do so, and consequently no case is made for a recommitment of the report. Nor is any question of law raised by the exception to the denial of the motion.

II.   Wood had no authority by virtue of his office to pay himself his bill of $4,261 against the corporation until it was approved and its payment authorized by the corporation (*Brown* v. *Weymouth*, 36 Me. 414); and as there was no imperfection or ambiguity in the language of the vote by which the adjustment of the bill was referred by the directors to a committee, it must be considered as expressing the entire and exact meaning of the parties to it: hence no evidence of their understanding could be received to vary or control it, or was admissible for the purpose of explaining its meaning or effect.   *Gould* v. *Norfolk Lead Co.*, 9 Cush. 338, 345.

III.   The plaintiffs are not estopped to deny the correctness of Wood's bill, or the validity of its payment, because it was entered by him on the corporation books of which he had the charge, or because, on a subsequent examination of his accounts as treasurer by a committee of the corporation and of the Nashua & Lowell Railroad to ascertain the cost of the plaintiffs' road, and thus fix the amount of rent to be paid by the N. & L. road, the item in question was included, and the rent has since been reckoned and received by the plaintiffs accordingly; for the referee finds "that the above proceedings were had without there being any knowledge, until afterwards, on the part of the directors of the corporation, or of the committee, of the transactions by said Wood relative to said bill, or of the entry of the payment, &c., in the accounts of the corporation, or of its being included in the cost of construction as above mentioned, and without any such neglect to examine the accounts of the corporation so as to see what they included, as should bar them or the corporation from now alleging such want

of knowledge." Every element of an estoppel is thus wanting as between these parties.

IV. The plaintiffs' cause of action, being for Wood's misappropriation to his own use of trust funds while acting in a fiduciary capacity, must be regarded as a fiduciary debt within the intent and meaning of *s.* 33 of the bankrupt act of 1867, and therefore is not barred by his discharge in bankruptcy. The exceptions are overruled.

*Judgment for the plaintiffs on the report.*

CLARK, J., did not sit : the others concurred.