## STOKELEY W. SLAYDEN, Appellant, v. THE H. J. SEIP COAL COMPANY, Respondent.

### Kansas City Court of Appeals, April 11, 1887.

1. DIVIDENDS—OUT OF WHAT PAID—RIGHTS OF STOCKHOLDERS.—Dividends can be paid only out of *profits*, or the *net* increase of the capital of a corporation. Each stockholder is entitled to have the capital preserved unimpaired, for the purpose of carrying on the business for which the company was formed.

2. ——— DIRECTORS—DISCRETION OF—HOW EXERCISED, AND THE LIMITS OF IT.—Although the directors of a corporation have, in declaring dividends, a large discretion, with which the courts will not interfere, still such discretion must be exercised reasonably, in accordance with the existing circumstances, and must not be abused. * * * *In no case* should a dividend be declared, unless there are, at least, *apparent* profits on which to base it.

3. ————MISCONCEPTION OF FACTS—RIGHT OF CORPORATION TO RE-
CLAIM—CASE ADJUDGED.—Even in the case of a dividend, made
under a *misconception*, on the part of the directors, of what consti-
tutes profits, and under the belief that there are profits to divide,
when, in fact, there are none, the corporation is entitled to *reclaim
them* after they have been paid out, because the stockholders who
received them are *not entitled* to them, and the paying and receiv-
ing is under a *mutual mistake*. But, in the *present case*, the divi-
dend was declared with a *knowledge that there had been no
profits;* and it also appears that there were no profits at the insti-
tution of this suit.

APPEAL from the Buchanan Circuit Court, HON.
JOSEPH P. GRUBB, Judge.

*Affirmed.*

Statement of case by the court.

The petition in this case contained two counts, but,
as the plaintiff dismissed as to the second count, we are
confined to the first count of the petition. The plaintiff,
a stockholder in the defendant corporation, brought
this action to recover his share of a dividend declared by
the directors of the corporation, on the seventeenth day
of July, 1882.

The answer averred, among other things, in sub-
stance the following: "That the plaintiff was, on the
seventeenth day of July, 1882, one of the directors of
the defendant, and that, on that day, the board of direct-
ors of defendant passed the following resolution:

"On motion of H. J. Seip, seconded by S. W. Slay-
den, that, as the books of the company show a credit
to profit and loss of $6,736.22, to June 30, 1882, that the
same be paid to the following stockholders their equal
proportions:

| | |
|---|---:|
| H. J. Seip | $3,368 11 |
| W. D. Rankin | 1,684 05 |
| S. W. Slayden | 1,684 06 |
| Total | $6,736 22 |

"That, at the time of the adoption of said resolution, 'there were no earned profits of the defendant in the treasury of the corporation subject to a dividend; that all the above-named amount stood upon the books of the corporation charged to profit and loss; that it, in fact, consisted of uncollected and outstanding accounts, and that these facts were well known to plaintiff;' that, at said time, the defendant was in an embarrassed condition financially, and has been so ever since; that the outstanding accounts, upon which said resolution was based, proved to be largely uncollectible, and are still outstanding and unpaid; that, on February 27, 1883, defendant borrowed five thousand dollars to carry on its business, and, out of such sum, paid plaintiff one thousand dollars upon the so-called dividend; 'that, from the date of said payment to the present time, this defendant has been in debt and pressed for money, and, since the pendency of this suit, has had to place its property and effects in the hands of a receiver, to pay its debts and wind up its affairs and business.'"

The plaintiff filed a motion to strike out the greater part of the new matter set up in the answer, which motion the court overruled. The plaintiff thereupon filed a motion asking for judgment on the pleadings, and this motion the court denied.

The plaintiff declined to plead further, and judgment on *non prosequitur* was entered, from which the plaintiff has appealed to this court.

JAMES F. PITT, for the appellant.

I. It has been held that the power of the agents of the company to declare a dividend cannot be *investigated* in a suit of this description, if this would involve an inquiry into the financial condition of the company; the directors are specially intrusted to make this investigation, and to *determine* whether or not a dividend should be declared. Morawetz on Corp., sect. 450, note.

II. Even if *creditors* were seeking to avoid this dividend, coupling the facts in the answer with a charge of insolvency, it is doubtful whether it would be disturbed, or that money paid under it could be reached. There is not disclosed the slightest intention to wrong creditors. *Stringer's case*, L. R. 4 Ch. 475.

III. As to the *power* of directors to declare a dividend, all that is required is, that the whole capital, originally contributed by the shareholders, shall be put into the business and kept there ; that no part of it shall be taken out again, directly or indirectly, and given back to the shareholders. Morawetz on Corp., sect. 440.

Doniphan & Reed, for the respondent.

I. Dividends can only be declared out of *earned profits*. The term *dividend* means a sum which the corporation sets apart from its *profits* to be divided among its stockholders. When *all liabilities* are paid, either out of the gross receipts or out of the net earnings, the remainder is the *profit*, to go towards dividends. The term *profit* denotes what remains after defraying *every expense*, including loans falling due, as well as interest on such loans. Ample support for the foregoing propositions is found in the following authorities : Boone on the Law of Corp., sect. 125 ; *Lockhart v. VanAlstyne*, 31 Mich. 76 ; *Ins. Co. v. Page*, 17 B. Mon. 440 ; *Scott v. Ins. Co.*, 7 Paige, 198 ; 6 Paige, 486 ; *St. Johns v. Railroad*, 10 Blatchf. 271 ; Morawetz on Priv. Corp., sects. 334, 346 ; Field on Corp. 121 ; *Karnes v. Railroad*, 4 Abb. Pr. (N. S.) 107 ; *People v. Supervisors of Niagara*, 4 Hill, 20. Within the meaning of the above authorities, this defendant, at the time when it was tricked by the plaintiff into passing this resolution, had no *earned profits*, out of which dividends could be legally declared ; the admitted averments of the answer place this beyond controversy.

II. Even where dividends have been declared by

the directors, *and received by the stockholders*, they may, nevertheless, be *reclaimed* by the corporation, if they have been *illegally* declared, under a *misapprehension* of the right to declare them. *Ins. Co. v. Page*, 17 B. Mon. (Ky.) 442; *Gratz v. Redd*, 4 B. Mon. (Ky.) 191. The corporation could then, certainly, *defeat* an action brought against *it* by the stockholder for an illegally declared dividend. A recovery, in this case, would be against good conscience and equity. 2 Story's Eq. Jur., sect. 1252; *Curran v. State*, 15 How. (U. S.) 304; *Bartlett v. Drew*, 57 N. Y. 487; *Hastings v. Drew*, 76 N. Y. 9; Rev. Stat., sect. 741.

III. Stockholders are not entitled to any share of the capital stock, nor to *any dividend of the profits*, until all the debts of the corporation are paid. Field on Corp. 188; *Bank v. St. John*, 25 Ala. 695. Here it is not only admitted that there were no earned profits, but, also, that the corporation was in financial embarrassment.

IV. It is admitted that plaintiff was the legal adviser of the corporation; that it was his advice and counsel that procured the passage of the resolution declaring the dividend, and that his *real* purpose in this scheme was to give a fictitious value to his stock, that he might sell it at an advantageous price, and that he accomplished this purpose. This, under the admitted financial embarrassment of the corporation, amounted to *a fraud* upon the creditors, and no court should now help this plaintiff to secure the fruits of it. A declaration of dividends by the directors, where *none have been earned*, is regarded as a fraud, if done for the purpose of *fictitiously enhancing the price of shares, or when creditors exist*. 9 Cent. Law Jour. 165; *Burnes v. Pennell*, 2 House of Lords' Cases, 497; *Bank v. St. Johns*, 25 Ala. 609.

V. We submit there has been no compliance on the part of appellant with rule fifteen of this court, and ask a dismissal of the appeal.

Hall, J.—The answer admitted the declaration of the dividend alleged in the petition, averred the payment of one thousand dollars of the plaintiff's share thereof, and set up certain matters as a defence to the payment of the balance of said share.

The position taken by the plaintiff is, that, admitting all the allegations of the answer to have been true, he was entitled to a judgment for the balance of his share of the dividend. The question is thus presented, do the facts pleaded in the answer constitute, in behalf of the defendant, a good defence to the payment of the plaintiff's share of the dividend? The answer contained no allegation that the defendant was insolvent at the time of the declaration of the dividend, or that the payment of the dividend would render the defendant insolvent. Hence, section 741, Revised Statutes, has no bearing whatever, one way or the other, upon this case, as it is presented to us.

The following facts appear with sufficient clearness from the allegations of the answer, we think. The defendant, at the time of the declaration of the dividend, had not money sufficient to pay its debts, and also the dividend, for, in the language of the answer, the defendant was, at that time, "in an embarrassed condition, financially, and there were no earned profits in the treasury of the corporation subject to a dividend." This was also true at the time of the institution of this suit, because, as alleged in the answer, the embarrassed condition of the defendant had continued ever since the declaration of the dividend; the declaration of the dividend was based upon accounts charged to profit and loss, which proved to be largely uncollectible, and were outstanding and unpaid at the time of the filing of the answer. The defendant paid on the plaintiff's share of the dividend one thousand dollars, with money borrowed by it, in order to carry on its business. In other words, the admitted facts are, that the defendant corpo-

ration, financially embarrassed, declared a dividend expressly based upon accounts charged to profit and loss, which proved to be largely uncollectible, and that the defendant was still financially embarrassed when this suit was begun. Such being the admitted facts, the dividend was improperly declared, and the defendant cannot be required to pay it.

Dividends can be paid only out of profits or the net increase of the capital of a corporation. Morawetz on Priv. Corp., sect. 344. Each stockholder is entitled to have the capital preserved unimpaired, for the purpose of carrying on the business for which the company was formed. *Id.;* see also, sect. 404. These principles are well established by the authorities cited by the author referred to.

The directors of a corporation have, in declaring dividends, a large discretion, with which the courts will not interfere. But, of course, such discretion must be exercised reasonably, in accordance with the existing circumstances, and must not be abused. A dividend might be proper in one case and improper in another. A dividend, proper in the case of a prosperous corporation, would be improper in the case of an embarrassed corporation. In no case should a dividend be declared, unless there are, at least, apparent profits on which to base it.

It may be conceded, for the present case, that a corporation may declare a dividend on uncollected accounts, supposed to be good, and this, too, although the corporation may be in debt, if it be honestly and reasonably believed that the accounts will not be necessary to pay the debts. But such is not this case. Here the corporation was financially embarrassed. Here the dividend was declared, not on accounts supposed to be good, but on accounts supposed to be bad, and which had been charged to profit and loss. The dividend was not declared on what was supposed to be profits, but was declared on what was supposed to be losses. It was not

reasonable to suppose that the corporation, embarrassed
as it was, could pay the dividend declared without im-
pairing its capital ; but, on the contrary, the necessary
consequences of paying the dividend, under the admit-
ted facts, would have been, if not to have injured the
creditors of the corporation, to have impaired its capital.
The declaration of the dividend was, in our opinion,
wrongful and illegal.

The corporation has the right, on the ground of that
illegality, to defend against this action. In *Ins. Co. v.
Page & Richardson* (17 B. Mon. 442), it was held "that
if dividends were made under a misconception, on the
part of the directors, of what constituted profits, and
under a belief that there were profits to divide, when, in
fact, there were none, they might be reclaimed by the
corporation, after they have been paid out," because the
stockholders who received them were not entitled to
them, and they had been paid over and received under a
mutual mistake. The case at bar is a much stronger
case. Here the dividend might be said to have been
declared with a knowledge that there had been no
profits ; and here, too, there were no profits at the insti-
tution of the suit. The defence is maintainable. The
plaintiff was not entitled to recover anything on the
pleadings.

The judgment is affirmed. All concur.