BEASELY *v.* MUTUAL AID ASSOCIATION, UNITED BROTHERS OF FRIENDSHIP AND SISTERS OF MYSTERIOUS TEN.

Opinion delivered April 18, 1910.

1. BENEVOLENT ASSOCIATION—CONCLUSIVENESS OF RECORD.—Under Kirby's Digest, § 944, relating to corporation formed for benevolent purposes, providing that "it shall be the duty of the clerk or secretary of any such corporation to keep a fair record of the proceedings of such corporation in a book provided for that purpose," it is not admissible for one who claims to be a beneficiary under a policy of insurance issued by a benevolent association to contradict by parol evidence the record of its proceedings showing that another had been substituted as such beneficiary, there being no allegation of fraud therein. (Page 501.)

2. INSURANCE—BENEFIT SOCIETY—RIGHT TO CHANGE BENEFICIARIES.— Where the bylaws of a mutual benefit association authorized the beneficiaries in a benefit certificate or policy of insurance issued by it to be changed, such bylaw formed a part of the contract evidenced by the benefit certificate or policy of insurance. (Page 502.)

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*Taylor & Jones,* for appellant.

Letters written by officers of the association discussing plaintiff's claim are not competent evidence. Bacon on Ben. Soc. § 467; 131 Ill. 498. Parol evidence is always admissible to establish fraud. 1 Story, 135. There is no authority in the contract for making such change of beneficiary. 55 Ark. 212; 52 Ark. 202. Relief must be granted according to the terms of the contract. 71 Ark. 301.

*White & Alexander,* for appellee.

The fund paid into court is not such a fund as should be made the subject-matter of interpleader. 3 Pom Eq. Jur. 1322; 66 L. R. A. 89. The records of a corporation cannot be contradicted or varied by parol. 38 Mass. 288; 101 Cal. 70; 63 Mass. 338; 57 Am. D. 50; 61 N. H. 418; 37 Vt. 40. A party may be authorized by the policy, or by the constitution and bylaws which are made a part of the contract, to change the beneficiary. 55 Ark. 212; 71 Ark. 301. The constitution and bylaws are a part of the contract between the parties. 81 Ark. 512; 80 Ark. 419.

BATTLE, J. Willis Beasely, the husband of Lula Beasely and father of Bertha Beasely, was a member of a subordinate lodge of the United Brothers of Friendship and Sisters of Mysterious Ten, called Pine Bluff Lodge No. 1. This order was a chartered mutual aid association, and issued to a member, when he joined, a certificate in which it agreed to pay, upon the death of such member, to any person named as beneficiary in the certificate the sum of $225 in accordance with the laws of the order.

After Willis Beasely became a member of the asssociation, it issued to him such a certificate, in which his wife, Lula Beasely, was named a beneficiary. Under the bylaws of the order any member in open lodge may, by asking, change the name of the beneficiary in the certificate issued to him. On the 17th day of August, 1908, Willis Beasely, in open lodge, caused the name of the beneficiary in his certificate to be changed from Lula Beasely to Bertha Beasely. On the 10th day of November, 1908, Willis Beasely, while he was in good standing with the subordinate lodge and the association, departed this life. Proof of his death was made to the Pine Bluff Lodge and the association. Lula Beasely then demanded the $225 of the association, but it refused to pay. Mrs. Beasely then brought an action against Mutual Aid Association, United Brothers of Friendship and Sisters of Mysterious Ten. The defendant answered, and among other things stated that, since the death of the deceased, Bertha Beasely had presented a claim for the sum named in the certificate, claiming it as beneficiary, that the money was due, and it was willing to pay it to whom it belonged; and asked that Bertha Beasely be made a party to the action, that it be permitted to pay the money into court, and that Bertha be required to appear within a reasonable time and maintain or relinquish her claim to the same.

Bertha was made a party, and required to appear in court within twenty days and maintain or relinquish her claim to the fund, which the defendant was ordered to pay into court. Bertha Beasely then appeared, and answered, stating that the association executed and delivered its certain certificate of insurance upon the life of Willis Beasely, and named her as the beneficiary therein, and thereby promised to pay to her the sum of $225 upon the death of Willis Beasely, which occurred on the

10th day of November, 1908; that proof of his death had been made and filed with the defendant in the mode and manner prescribed by the order; that the certificate in which Lula Beasely was named beneficiary had been cancelled; and that she (Bertha) was entitled to the fund paid in court.

The jury, trying the issues made by the pleadings and evidence adduced by the parties in the trial, returned a verdict in favor of Bertha Beasely for the $225 paid into court, and the court rendered judgment in her favor for that amount, and plaintiff appealed.

It was proved that a certificate for $225 was issued to Willis Beasely, in which Lula Beasely was named the beneficiary. It was also proved by the record of the Pine Bluff Lodge No. 1, of the association, that the beneficiary in the certificate was changed to Bertha Beasely, on motion of Willis Beasely, in open lodge, in accordance with the bylaws of the association.

In the course of the trial appellant offered the following evidence:

"Now, we offer to show by Mack Sheppard, in addition to the testimony given by him and also by Black Waterhouse, that they were in the lodge on the night of the 17th of August, 1908, in Pine Bluff with Willis Beasely, now deceased. That Willis Beasely in open lodge asked the lodge to grant him a sick benefit, as he had been sick and was entitled to it; that this was all the request made by him; that he did not make any request for any change of the policy issued to him or in the name of the beneficiary, Lula Beasely.

"And we offer to prove by Alex Moon that he was present on the same night, and that he, Willis Beasely, asked the lodge for his sick benefit, but did not make any request for a change of the beneficiary named by his policy."

The court refused to allow the introduction of this evidence.

Section 944 of Kirby's Digest provides: "It shall be the duty of the clerk or secretary of any such corporation to keep a fair record of the proceedings of such corporation in a book provided for that purpose, and which shall be at all times open to the inspection of the members of such corporation."

This statute governs associations like the defendant association in this case, and makes such records evidence of the pro-

ceedings recorded. It was designed to perpetuate such proceedings, and relieve them of the uncertainty of human memory. Members of such corporations, when organized, impliedly enter into an agreement with each other that such records, fairly kept and complete, shall be the exclusive evidence of their proceedings. Were it otherwise, such proceedings would be involved in doubt, and subject to be overturned by the uncertain and unreliable memories of witnesses, and the records would cease to subserve the useful purpose for which they were designed. The records in this case are not attacked for fraud, but the evidence of witnesses was offered as more reliable. The court did not err in refusing to allow its introduction.

Appellant insists that the certificate issued, in which she was the beneficiary, was an insurance policy, and that "neither the defendant association, nor the subordinate lodge No. 1, nor any of its officers or members, had the right to change the policy or the name of the beneficiary therein, because" she "had a vested right therein, and no such change could be made, unless expressly authorized by the policy itself, or by the constitution, articles of association, or bylaws of the association, when these are by the terms of the policy made a part of it;" and cited *Johnson* v. *Hall,* 55 Ark. 212, to support her contention. In the case cited Ellen M. Trotter in 1884 became a member of the Knights and Ladies of Universal Brotherhood, and obtained a benefit certificate, by which the society agreed to pay at her death a certain sum of money to her children. Some time after the issue of the benefit certificate to Ellen M. Trotter, she caused the same to be changed by inserting therein, after the words "her children," the names of her minor children, Charles, Henderson and Edgar. The evidence in that case failed to show that "the society had adopted any law or regulation authorizing or prohibiting a change of the beneficiary designated in a certificate, or prescribing a mode by which the designation in such certificate might be changed or restricted."

In the case before us the bylaws expressly authorized the change of the beneficiary, and the change was made by the lodge on motion of the insured in accordance with such bylaws, which formed a part of the contract evidenced by the certificate.

*Woodmen of the World* v. *Jackson,* 80 Ark. 419; *Supreme Lodge of Knights and Ladies of Honor* v. *Johnson,* 81 Ark. 512.
.   Judgment affirmed.