Fred Newmann et al., Defendants in Error, v. George W. Sexton et al., Plaintiffs in Error.

Gen. No. 15,259.

1. CORPORATIONS—*how subscription for stock cannot be impeached.* "The rule forbidding the introduction of parol evidence to explain a written instrument meets with no exception in the case of a subscription for stock of a corporation." The fact, therefore that a subscription was not *bona fide* and absolutely entered into cannot be established by parol if the subscription on its face is absolute.

2. CORPORATIONS—*treasury stock defined.* Treasury stock is stock which is returned by a person to whom it is issued to the corporation as a gift to sell the same and put the proceeds in the corporate treasury as working capital.

3. CORPORATIONS—*when subscription to stock made in good faith.* If a subscription paper is absolute upon its face and the subscriber is legally liable for the amount of his subscription the same is deemed to have been made in good faith and will not enable the enforcement of individual liability against directors under section 18 of the Corporation Act.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court at the March term, 1909. Reversed. Opinion filed July 14, 1910.

**Statement by the Court.** Plaintiffs sold and delivered to the Olson & Peets Company, a corporation, tobacco at the agreed price of $90.10. The contention of the plaintiffs is that all of the capital stock of said corporation was not subscribed in good faith and that therefore, under the provisions of section 18 of the Corporation Act, the directors of the corporation were jointly and severally liable to plaintiffs for the price of the tobacco. They accordingly brought suit in the Municipal Court against Sexton, Olson and Peets, directors of said corporation, for the price of the tobacco. Peets was not served with summons. The cause was submitted to the court, which gave judgment for the plaintiffs against Sexton and Olson for the amount claimed by plaintiffs.

OLSEN, SCHMIDT & RICE, for plaintiffs in error.

WISE & NEWMAN, for defendants in error.

MR. JUSTICE BAKER delivered the opinion of the court.

We shall consider only the question whether the whole amount of the capital stock of the corporation was subscribed in good faith. The capital stock was $2,500 in shares of $100 each. The copy of the subscriptions set out in the report of the commissioners is as follows:

"We, the undersigned, hereby severally subscribe for the number of shares set opposite our respective names, to the Capital Stock of Olson and Peets Co., and we severally agree to pay the said Company, for each share, the sum of one hundred dollars.

| Name | Shares | Amount |
|------|--------|--------|
| Albert H. Olson | 5 | $500.00 |
| Albert H. Olson | 5 | 500.00 |
| George W. Sexton | 10 | 1000.00 |
| George E. Peets | 5 | 500.00" |

The report then proceeds as follows:

"Amount of capital stock actually paid in ......2000.00
Amount of capital stock not paid in............ 500.00
Stock subscribed and not paid, disposed of as follows:
Five shares subscribed for by Albert H. Olson and held
subject to call of Board of Directors."

On the filing of the report the Secretary of State issued
a certificate of the complete organization of the corporation,
which was duly recorded.   Olson testified that he held the
five shares for which he had not paid, "in trust as treasury
stock of the corporation; that he never actually owned other
than as trustee, nor was there any intention on his part
or on the part of the other directors, that he should own
these last five shares subscribed for by him and held subject
to the call of the board of directors."   The subscription by
Olson for the last five shares was absolute on its face.

"The rule forbidding the introduction of parol evidence
to explain a written instrument meets with no exception in
the case of a subscription for stock of a corporation."
Corwith v. Culver, 69 Ill. 502–506.

The last five shares subscribed by Olson were not "treas-
ury stock."   Treasury stock is stock which is returned by the
person to whom it is issued to the corporation as a gift to sell
the same and put the proceeds in the corporate treasury as
working capital.   1 Cook on Corporations, section 46.

Section 7 of the Corporation Act provides that the sub-
scriptions for shares of stock "shall be made payable to the
corporation and shall be payable in such installments and
at such time or times as shall be determined by the direc-
tors."   "A call is an official declaration by the proper
corporate authorities that the whole or a specified part of
the subscriptions to the capital stock is required to be paid.
An installment is one of the several part payments into
which a single call may be divided."   Cook on Corporations,
Section 104.   Section 4 of the Act makes it the duty of the
commissioners, in their report to the Secretary of State, to
state, "What disposition has been made of the stock sub-
scribed and not paid."   In compliance with this provision

the commissioners reported that five shares subscribed by Olson had not been paid and were "held subject to call of the Board of Directors." The obvious meaning of the report is that Olson's subscription for five shares of stock which had not been paid was held subject to call by the directors. By the terms of his subscription and the Act, the subscription was subject to call by the directors.

We think that the only conclusion that can properly be drawn from the evidence is that all of the stock of the corporation, "was subscribed in good faith," before the Secretary of State issued his certificate of the complete organization of the corporation, and therefore that the defendants are not liable for any debt contracted in the name of the corporation. The judgment will therefore be reversed.

*Reversed.*