Rockingham, )
Dec. 1, 1914. $

### SUSAN E. NEWCOMB *v.* HAMPTON.

A judgment rendered upon a report of arbitrators during the term in which the decision was filed may be vacated and entered as of a subsequent term, in order that the record may conform to the stipulations of the arbitration agreement.

Where arbitrators are not requested, either at the trial or before the filing of their decision, to report the facts found by them and their rulings thereon, a denial of a motion to recommit their report for specific findings presents no error of law.

Where it is agreed that the decision of arbitrators shall be final on all questions of law and fact, justice does not require, as a matter of law, a recommittal of their report for specific findings, on the ground that error might thereby be disclosed, in the absence of any suggestion of fraud, mistake, or misconduct on their part.

PETITION, to strike out an entry of judgment. At the October term, 1911, of the superior court, the action was referred to arbitrators by an agreement of the parties in which it was stipulated "that the decision of said arbitrators, or a majority of them, in writing shall be final upon questions of law as well as fact arising in the case before them, and shall be made to the superior court for said county of Rockingham at its next term after the rendition of said decision, and judgment shall be rendered thereon by said court with costs." During the October term, 1913, of the court, the arbitrators filed their report in favor of the defendant town, and judgment was entered thereon. At the April term, 1914, the plaintiff filed a motion requesting the court to vacate the judgment because it was not rendered at the next term after the decision, and to recommit the report for special findings upon the ground that it might thereby appear that errors had been made by the arbitrators. Neither party had asked for specific findings before the decision was rendered. The court (*Pike,* C. J.) vacated the judgment rendered at the October term, denied the motion for a recommitment of the report, and entered judgment in favor of the defendant as of the January term, 1914. To these rulings the plaintiff excepted and filed a bill of exceptions which was allowed.

*Hubert C. Thompson* and *Wells & Hale* (both of Massachusetts) and *Arthur O. Fuller*, for the plaintiff.

*Eastman, Scammon & Gardner*, for the defendant.

WALKER, J.   The plaintiff's claim that the judgment ordered by the court is void, because it was rendered at the April term of the superior court as of the preceding January term, in order that it might appear by the record that it was rendered at the next term after the filing of the arbitrators' report, in accordance with the terms of the parties' agreement, is based upon the merest technicality and is without practical merit.   *Owen* v. *Weston*, 63 N. H. 599, 603.   It does not appear that the plaintiff has suffered injustice by the order of the court.

As no request was made of the arbitrators to report the evidentiary facts found by them and their rulings of law thereon, either at the hearing or trial, or before the filing of their report in court, no error of law was committed by the court in denying the plaintiff's motion that the report be recommitted for that purpose. *Janvrin* v. *Janvrin*, 58 N. H. 144; *Peterborough R. R.* v. *Wood*, 61 N. H. 418; *Moynihan* v. *Brennan, ante*, 273.   In view of the terms of the submission that the report should be "final upon questions of law as well as fact arising in the case," and in the absence of any suggestion or intimation of fraud, mistake, or misconduct on the part of the arbitrators, it is apparent that justice does not require a recommitment of the report.   This is true if it is assumed, in accordance with the plaintiff's contention, that the case was submitted to referees under sections 9–14, chapter 227, Public Statutes.

*Exception   overruled.*

All concurred.