## GEORGE BENAS, Appellant, v. TITLE GUARANTY TRUST COMPANY, a Corporation, Respondent.*

St. Louis Court of Appeals. Opinion Filed December 2, 1924.

1. **CORPORATIONS: Powers: Statutes: Dividends: Cannot be Declared and Distributed out of Capital.** Under sections 1132-1139 and 11825-11828, Revised Statutes 1919, and independent of statutory provision, a corporation has no power to make dividends out of capital, but may lawfully declare dividends out of surplus or profits over and above its capital.

2. ————: ————: **Ultra Vires: Declaration of Dividends Out of Capital: May be Rescinded.** If a dividend is declared, the distribution of which would impair the capital of the corporation, such *ultra vires* declaration may be subsequently reconsidered and rescinded.

3. ————: ————: **Rescission: Declaration of Dividends Out of Surplus or Profits Available: Cannot be Rescinded Without Stockholder's Consent.** A lawful declaration of a dividend out of existing surplus or profits available for that purpose, creates a debt against the corporation and in favor of each stockholder for his share of the dividend, and such declaration may not be rescinded by any subsequent action of the corporation without the consent of the stockholder concerned.

4. ————: ————: **Surplus From Lawful Reduction of Capital: Available for Dividends.** Surplus arising from a lawful reduction of the capital stock is available for dividend purposes and may be lawfully distributed as such.

5. ————: ————: **Declaration of Dividends Impairing Capital Stock: Rescission: Proper.** The rescission of a declaration of a dividend from capital stock, the distribution of which would have impaired the capital stock, as reduced, to the amount of $337,648.25, *held* the subsequent rescission of such declaration was not only within the power of the board, but was proper.

6. **EVIDENCE: Corporations: Books and Papers: Impeachment: Corporation's Books and Statement of Proceedings for Reduction of Capital Stock: May be Impeached by Parol Evidence.** Books of a

*(1) Corporations, 14 C. J., Section 1209; (2) Corporations, 14 C. J., Sections 1239 (1926 Anno), 1501; (3) Corporations, 14 C. J., Section 1239; (4) Corporations, 14 C. J., Section 741; (5) Corporations, 14 C. J., Section 1239; (6) Evidence, 22 C. J., Section 1441.

corporation and its statement of proceedings for reduction of its capital stock are not conclusively determinative of the value of its assets, and may be contradicted or impeached by parol evidence of the actual value of the assets in determining whether surplus was sufficient for distribution of dividend without impairing the capital stock as reduced.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Frank Landwehr,* Judge.

AFFIRMED.

*Thomas J. Hoolan* and *Montague Lyon, Jr.* for appellant.

(1) The board of directors had no right or power to rescind the dividend declared. (a) The board of directors of a corporation can lawfully declare a dividend payable in stock of another corporation. 14 Corpus Juris, 811; Smith v. Cotting, 120 N. E. 177; Equitable Life Assurance Society v. Union Pacific Railroad Co., 212 N. Y. 360; Continental Securities Co. v. Northern Securities Co., 66 N. J. Eq. 282. (b) A dividend may be made payable at a future time. Cogswell v. Second National Bank, 78 Conn. 75; Billingham v. Gleason Mfg. Co., 185 N. Y. 571; Beers v. Bridgeport Spring Co., 42 Conn. 17; Northwestern Marble Co. v. Carlson, 116 Minn. 438; Wallin v. Johnson City Lumber Co., 136 Tenn. 124; Tepfer v. Rival Gas Supply Co., 117 N. Y. S. 959. (c) The mere declaration of a dividend creates a debt against the corporation in favor of each stockholder. McLaren v. Planing Mill Co., 117 Mo. App. 40; Ball v. Cotton Press Co., 141 Mo. App. 42; George D. Hope Lumber Co. v. Stewart, 241 S. W. 675. (d) A dividend, when declared and written into the records of a corporation, cannot be revoked or rescinded without the consent of the stockholders. McLaren v. Planing Mill Co., 117 Mo. App. 49; 14 Corpus Juris, 816, sec. 1239; Union, etc., Trust Co. v. Taintor, 85 Conn. 452;

14 Corpus Juris, 812; Ford v. East 'Hempton Rubber Thread Co., 158 Mass. 84. (2) The dividend was not illegal. Upon an authorized reduction of the capital stock of a corporation, regularly effected, the amount of the corporate assets, over and above the amount of the capital stock as reduced and the debts, is equivalent to surplus profits, and may be treated as such by the corporation. Strong v. Brooklyn R. R. Co., 93 N. Y. 434; The Equitable Life Assurance Society v. Union Pacific R. R. Co., 212 N. Y. 360; 1 Cook on Corporations (7 Ed.), page 838, sec. 289; Continental Securities Co. v. Northern Securities Co., 66 N. J. Eq. 282; Cogswell v. Second National Bank, 78 Conn. 80; Jerome v. Cogswell, 204 U. S. 6; Smith v. Cotting, 20 N. E. 177; Allen v. Francisco Sugar Co., 193 Fed. 838. (3) Parol testimony was not admissible to contradict the facts evidenced by the books of account of the defendant or the sworn recitals in the statement of decrease of capital stock. (a) The records and books of a corporation become conclusive evidence against it when the entries have been duly made by the recording officer. Lipsett v. Hoosard, 158 Mich. 509; Gould v. Norfolk Lead Co., 9 Cush. 345; Petersborough Railroad v. Wood, 61 N. H. 408; Beasley v. Mutual Aid Assn., 94 Ark. 499; Railway Co. v. Bank, 62 Ark. 42; Dusenberry v. Development Co., 164 App. Div. (N. Y.) 575; Scheely v. N. Y. Steam Co., 121 N. Y. S. 619. (b) The law presumes that the recitals contained in the statement of decrease of capital stock are true. Stiller v. Atchison, 34 Okla. 45; Erwin v. K. C., F. S. & M. Ry. Co., 94 Mo. App. 97; Oswald v. Minneapolis Times Co., 65 Minn. 249; Newman v. Sexton, 156 Ill. App. 517; Indiana Refining Co. v. Buhram, 220 Fed. 429; State v. Hancock, 45 Atl. 851; Amherst Bank v. Root et al., 2 Metc. 544. (4) Even if parol testimony, in regard to the value of the assets of the defendant corporation, were admissible, the testimony offered by defendant for the purpose of contradicting its own books was of little or no probative value, being at best only the expressions of conclusions and opinions of a small

minority of the board of directors of the defendant corporation. (5) The acts and conduct of defendant constituted a conversion in law of the plaintiff's property. George D. Hope Lumber Co. v. Stewart, 241 S. W. 681.

*Wilfley, Williams, McIntyre, Hensley & Nelson* for respondent.

(1) The action of respondent's board of directors on March 17, 1915, in attempting to authorize the distribution of the American Trust Company stock as a dividend, the effect of which would have been to impair the capital of respondent, did not bind the respondent, and was in direct violation of the Missouri statute covering the situation. Section 1132, R. S. 1909. (2) Even in the absence of statute it is the settled rule that a corporation cannot lawfully declare dividends in any manner that will impair its capital. 6 Fletcher Cyc. Corp., page 6082, and cases therein cited. (3) The action of the board of directors on April 14, 1915, in rescinding the illegal declaration of dividend on March 17, 1915, was proper, and removed any possible basis of a valid claim on behalf of appellant. 10 Cyc. 549; 2 Thompson on Corp., sec. 2135; Staats v. Biograph Company, 236 Fed. 454; Dock v. Cordage Company, 167 Pa. 370; Slader v. Coal Co., 25 Mo. App. 439; Ins. Co. v. Page, 173 B. Mon. 442; 6 Fletcher Cyc. Corp., page 6070; Albany Fertilizer & F. Imp. Co. v. Arnold, 103 Ga. 145. (4) Directors of a corporation cannot legally declare a dividend on the theory that some time in the future the company may have a surplus out of which the same can be paid. People v. Savings Union, 72 Cal. 199. (5) In determining the validity of a corporation dividend, parol evidence is admissible on the issue of actual value of the corporate assets, even though such parol evidence contradicts the value at which the assets are carried upon the books of the company. Siegman v. Electric Vehicle Co., 72 N. J. Eq. 403; Coleman v. Booth, 268 Mo. 64; 6 Fletcher Cyc. Corporations, pages 6084 and 6091; Whittaker v. Am-

well Nat. Bank, 52 N. J. Eq. 400; American Steel and Wire Co. v. Eddy, 138 Mich. 403; Hyams v. Old Dominion Copper M. & S. Co., 82 N. J. Eq. 507.

SUTTON, C.—This is an action at law. A jury was waived and trial was had before the court, resulting in a judgment in favor of defendant. Plaintiff appeals.

Appellant, a stockholder in respondent company, sued to recover a money judgment for $3200 against respondent for that it had failed and refused to distribute to him his share of a dividend declared by the respondent.

On March 17, 1915, the board of directors of respondent passed the following resolution, to-wit:

"Whereas, a meeting of the stockholders of the Title Guaranty Trust Company is to be held April 13, 1915, for the purpose of reducing the capital stock from $2,500,000 to $1,000,000; and

"Whereas, it is deemed best to declare a dividend of American Trust Company stock to holders of Title Guaranty Trust Company stock, provided the capital stock is reduced as proposed, from $2,500,000 to $1,000,000;

"Now, Therefore, It is Resolved, that a dividend consisting of the shares of the American Trust Company stock be declared and be distributed after the 13th day of April, 1915, provided the stock of said Title Guaranty Trust Company has been reduced from $2,500,000 to $1,000,000."

Thereafter, on April 13, 1915, the stockholders passed an appropriate resolution for reducing the capital stock from $2,500,000 to $1,000,000. This reduction in capital stock became effective under the Missouri Statute on the 20th day of April, 1915, being the date upon which a duly certified copy of a statement of the proceedings for such reduction was filed in the office of the Bank Commissioner of the State of Missouri.

Prior to the reduction of the capital stock, the actual value of the total assets of the respondent did not exceed the sum of $2,196,534.69. Among these assets was all the outstanding stock of the American Trust Company of the actual value of $1,147,000. The total liabilities of respondent were $2,887,182.94, consisting of capital stock liability of $2,500,000 and indebtedness of $387,182.94. Respondent had no surplus, but there existed a deficit of at least $690,648.25. After the reduction of the capital stock the surplus did not exceed the sum of $809,351.75, and the distribution of the American Trust Company stock as a dividend to respondent's stockholders would have impaired its capital in at least the sum of $337,648.25.

On April 14, 1915, which was six days before the reduction in capital stock became effective, the board of directors of the respondent company passed the following resolution:

"Whereas, a resolution was adopted at the meeting of the board of date March 17, 1915, looking to a distribution of the stock of the American Trust Company after April 13, 1915; and

"Whereas, it is the sense of the board that the time is not now propitious for such distribution, and that it will not be to the interest of the company or its stockholders that such distribution be made;

"Therefore, Be It Resolved, that no action be taken upon said resolution, that no stock dividend be declared at this time, and said resolution be and the same is hereby rescinded."

None of the stock of the American Trust Company was distributed to respondent's stockholders.

Appellant as one of the stockholders made demand upon respondent to deliver to him twenty-six shares of the American Trust Company stock, which it is conceded was his share of the dividend as declared by the board, but said demand was refused and appellant brought this suit to recover the value of said twenty-six shares.

The appellant contends that the declaration of the dividend made on the 13th day of March, 1915, was valid and conclusive, and that its subsequent rescission by the board of directors was unauthorized, and that he is entitled as a matter of law to recover the value of his share of the dividend declared; whereas, the respondent contends that the declaration was *ultra vires* and void because it undertook to distribute capital in the guise of a dividend, and that the subsequent rescission of the declaration by the board was proper and removed any possible basis of a valid claim by appellant against respondent on account of said declaration.

That under the statutes of this State, it is beyond the power of a corporation such as respondent to declare and distribute dividends out of its capital, cannot be questioned. [Secs. 1132, 1137, 1138, and 1139, R. S. 1909; Secs. 11825, 11826, 11827, and 11828, R. S. 1919.]

Independent of statutory provision, however, it is a fundamental rule that a corporation has no power to make dividends out of capital, but may lawfully declare dividends only out of surplus or profits over and above its capital. It is a corollary to this rule that if a dividend is declared the distribution of which would impair the capital of the corporation, such *ultra vires* declaration may be subsequently reconsidered and rescinded. [Coleman v. Booth, 268 Mo. 64, l. c. 85, 186 S. W. 1021; Slayden v. Seip Coal Co., 25 Mo. App. 439, l. c. 445; 6 Fletcher's Cyc. of Corporations, 6082; Lexington Life, Fire, and Marine Ins. Co. v. Page, 17 Ben Monroe 412, l. c. 442; Albany Fertilizer & Farm Imp. Co. v. Arnold, 103 Ga. 145, l. c. 149; Siegman v. Electric Vehicle Co., 72 N. J. Eq. 403; Staats v. Biograph Co., 236 Fed. 454, l. c. 458; People v. Savings Union, 72 Cal. 199; 5 Thompson on Corporations, secs. 5311 and 5312; 10 Cyc. 549.]

All this in no way contravenes the familiar rule that a lawful declaration of a dividend out of existing surplus or profits available for that purpose creates a debt against the corporation and in favor of each stockholder for his share of the dividend, and that such declaration

may not be rescinded by any subsequent action of the corporation without the consent of the stockholder concerned, as a debtor may not rescind his debt without the consent of his creditor. [McLaren v. Planing Mill Co., 117 Mo. App. 40, 93 S. W. 819; Ball v. Cotton Press Co., 141 Mo. App. 26, l. c. 42, 121 S. W. 798; Hope Lumber Co. v. Stewart, — Mo. App. —, 241 S. W. 675.] Nor is the rule questioned that a surplus arising from a lawful reduction of the capital stock is available for dividend purposes and may be lawfully distributed as such. [Strong v. Brooklyn R. Co., 93 N. Y. 434; Equitable Life Assurance Society v. Union Pacific R. Co., 212 N. Y. 360; Continental Securities Co. v. Northern Securities Co., 66 N. J. Eq. 282; Cogswell v. Second National Bank, 78 Conn. 80; Jerome v. Cogswell, 204 U. S. 6; Smith v. Cotting (Mass.), 120 N. E. 177; Allen v. Francisco Sugar Co., 193 Fed. 838.]

In this case the court found upon very substantial evidence that prior to the reduction of its capital stock the actual value of the total assets of the respondent was not more than $2,196,534.69, and that its total liabilities, including its stock liability, amounted to $2,887,182.94, resulting in a deficit or impairment of its capital stock in at least the sum of $690,648.25. Hence, the reduction of the capital stock created an actual surplus of only $809,351.75. The evidence further showed and the court found that the shares of the American Trust Company stock proposed to be distributed as a dividend were of the actual value of $1,147,000. So that the distribution of these shares as a dividend, pursuant to the declaration of the board, would have resulted in the impairment of respondent's capital stock as reduced, to the amount of $337,648.25. The subsequent rescission of such declaration was, therefore, not only within the power of the board, but was eminently proper.

The value of respondent's assets, however, as carried on the books of the company and set forth in its statement of the proceedings for the reduction of its capital stock was such as to show a surplus amply sufficient

for the distribution of the dividend declared by the board without any impairment of the capital stock as reduced. The appellant's counsel insist that the books of respondent and its statement of proceedings for the reduction of its capital stock are conclusively determinative of the value of its assets and may not be contradicted or impeached by parol evidence, and assigns as error the admission of parol evidence over his objection to show the actual value of the assets.

Respondent's counsel take the contrary view, which they express in the following language:

"If appellant's theory is correct, namely, that on the question of the validity of dividends the corporation is conclusively bound by the value of its assets as shown upon the books of the company or by documents prepared by its officers, then the law against the declaration of a dividend when there is no surplus or profits might just as well be stricken from the books, because, if appellant's theory is correct, the directors, while they have no power to declare dividends except out of surplus or profits, could easily give themselves power of declaring dividends in the absence of profits, by placing on the books of the company or in documents signed by its officers, either by mistake or otherwise, false values of its assets. The mere statement of the consequences of such a rule is sufficient to show that the rule cannot and does not exist."

This view, we think, is supported upon both principle and authority. [Siegman v. Electric Vehicle Co., 72 N. J. Eq. 403, l. c. 408; Coleman v. Booth, 268 Mo. 64, 186 S. W. 1021; 6 Fletcher's Cyc. of Corporations, 6084 and 6091; Whittaker v. Amwell National Bank, 52 N. J. Eq. 400, l. c. 410; Hyams v. Old Dominion Copper Mining and Smelting Co., 82 N. Y. Eq. 507, l. c. 514.]

In the Siegman case it is said by the court, speaking through PITNEY, J., that while it is a function of the directors of a corporation to determine whether net earnings or surplus exist applicable to the payment of dividends, they cannot, by an erroneous determination

of this point, confer either upon themselves or upon the corporation the power to make dividends out of capital. Just this the directors of a corporation may do, if the courts are not permitted to go behind the values of its assets, as written, or caused to be written, by such directors themselves, in the books and documents of the corporation.

Appellant cites and relies on a number of cases wherein corporations were denied the right to contradict or impeach their own records. [Lipsett v. Hassard, 158 Mich. 509; Gould v. Norfolk Lead Co., 9 Cush. (Mass.), 345; Petersborough Railroad v. Wood, 61 N. H. 418; Beasley v. Mutual Aid Ass'n, 94 Ark. 499; Railway Co. v. Bank, 62 Ark. 42; Dusenberry v. Development Co., 164 App. Div. (N. Y.), 575; Oswald v. Minneapolis Times Co., 65 Minn. 249; Newman v. Sexton, 156 Ill. App. 517; Indiana Refining Co. v. Buhrman, 220 Fed. 426; State v. Hancock, 45 Atl. 851; Amherst Bank v. Root, et al., 2 Metc. (Mass.), 544.]

These cases are clearly distinguishable from the instant case upon their facts and the principles involved in them, and it is obvious without discussion that they lend no sanction to the proposition that the directors of a corporation may confer upon themselves or the corporation power to do that which the law forbids, that is, to declare and distribute a dividend out of its capital, by the very simple and easy process of writing into its books and documents fictitious values of its assets.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Allen, P. J.,* and *Becker* and *Daues, JJ.,* concur.