STRICKLAND *v.* STRICKLAND.

Opinion delivered July 6, 1908.

1. DIVORCE—EFFECT OF REVERSAL OF DECREE.—Where a decree of the chancery court awarding a divorce to the husband recited that by consent a certain policy of insurance should be changed so as to make all of the husband's children beneficiaries, instead of his child by a previous marriage, and the decree was reversed by this court, the provision as to the change of beneficiaries of the policy was an incident to the decree of divorce and was set aside by reversal of the decree. (Page 131.)

2. INSURANCE—AGREEMENT TO CHANGE BENEFICIARY—CONSIDERATION.—Where, as an incident to a decree of divorce, the husband agreed to change the beneficiaries of a policy, but did not make such change, and the decree was subsequently reversed, such agreement was without consideration and will not be enforced. (Page 132.)

Appeal from Pulaski Chancery Court; *Jesse C. Hart,* Chancellor; affirmed.

*C. P. Harnwell,* for appellant.

*Mehaffy, Williams & Armistead,* for appellee.

Appellee is not bound by mention of the life insurance policy in the decree of divorce between her father and her step-mother. 18 Ark. 142; 3 Ark. 532; 23 Ark. 336; 25 Ark. 365; 20 Ark. 629; 34 Ark. 297; 35 Ark. 62; 39 Ark. 205; 35 Ark. 450; 75 Ark. 1; 71 Ark. 339.

BATTLE, J. William Strickland brought suit in the Pulaski Chancery Court against Eddie Strickland, his wife, for a divorce. A decree was rendered in favor of the plaintiff for a divorce, and an appeal was taken by the defendant to this court, and the decree of divorce was reversed. *Strickland* v. *Strickland,* 80 Ark. 451. The decree appealed from, after providing that the bonds of matrimony between the plaintiff and defendant should be dissolved and awarding the custody of the children, Carl and Darwin Strickland, to the defendant, their mother, and providing for their maintenance and support by the plaintiff, their father, declares "that by consent of parties hereto the Maccabees policy of insurance for $3000 shall be so changed as to make the four children, Pearl Strickland, Roy Strickland, Carl Strickland and Darwin Strickland the beneficiaries." This policy was an insurance on the life of Wil-

liam' Strickland, and was issued to him by the Society of the Maccabees, and, it seems, the beneficiaries of it were subject to his control. All these provisions for the support or benefit of the children of the parties were a part of the decree of divorce and an incident to the divorce, and were set aside by the reversal of the decree of divorce by this court.

The consent to change the beneficiaries of the policy as a contract was executory, and without consideration and not binding upon William Strickland. Pearl Strickland and the Society of Maccabees were not parties to or affected by it. The policy never became the property of any of the children, except Pearl. Mrs. Strickland, as guardian of Carl and Darwin Strickland, is not entitled to enforce the decree by consent.

The decree of the Pulaski Chancery Court in this suit, which is to the effect we hold, is affirmed.

HART, J., being disqualified, did not participate.