Ross v. Rogers.

Opinion delivered October 17, 1910.

1. Insurance—benefit association—change of beneficiary.—The beneficiary of a policy in a mutual benefit association, whose by-laws provide that any member in open lodge may ask for the change of the name of the beneficiary in his policy, has no vested estate therein. (Page 155.)

2. Same—benefit association—change of beneficiary.—Where the bylaws of a mutual benefit association authorized a change in beneficiaries, and the association made a change upon the application of the insured, it is estopped from questioning the validity of the change. (Page 155.)

3. Same—benefit association—method of changing beneficiary.— Where the by-laws of a mutual benefit association provide that any member in open lodge may ask for a change of the name of the beneficiaries in his policy, and a member applied to the association by written communication which was delivered in open lodge, and was accepted and acted upon by the association, the original beneficiary is not authorized to complain of the method by which the change was effected. (Page 156.)

Appeal from Pulaski Circuit Court, Second Division; F Guy Fulk, Judge; reversed.

*Jones & Price,* for appellant.

1. The record of the lodge was sufficient evidence of the fact that a change of beneficiary was asked for and granted. In the absence of an allegation of fraud, oral testimony was not admissible to show whether or not the change was really asked for. 127 S. W. (Ark.) 974.

2. The by-law of the order, providing that a member may, in open lodge, ask for a change of the beneficiary, etc., is designed for the protection of the lodge, is directory merely, and the manner of asking for the change of beneficiary, if not in strict compliance with the by-law by making the request in open lodge, may be waived by the lodge. Bacon, Ben. Soc. § § 307, 308; 60 Tex. 532; 86 Ky. 136; 5 S. W. 385; 109 Me. 560; 19 S. W. 25; 29 Cyc. 133; *Id.* 135; 37 Ill. App. 628; 204 Pa. 470; 203 Pa. 269.

*Nelson H. Nichols* and *Bradshaw, Rhoton & Helm,* for appellee.

A society has the power to prescribe the mode in which a change of beneficiary shall be made, and the adoption of one

method excludes all others. 18 Mo. App. 189; 110 Ia. 642; 114 Mo. App. 191; 171 N. Y. 616; 153 Mass. 314; 208 Pa. St. 101; 90 S. W. 526; 94 Pac. 132. A material deviation from the method prescribed will invalidate the change. 34 Mont. 357. The change must be in strict conformity with the laws, must follow the rules of the association, even though it does not object. 42 Ore. 63; 36 Ore. 501. Neither motive nor ignorance is material where the member did not follow the prescribed mode. 28 Utah 505; 33 Fed. 11.

HART, J. This suit was commenced in a justice of the peace court by appellee against appellant to recover the sum of $225 alleged to be due her on a policy of life insurance. The justice rendered judgment in favor of appellants. On appeal to the circuit court, there was a trial before a jury, and the court directed a verdict in favor of appellee. From the judgment rendered, an appeal has been duly prosecuted to this court. The facts, so far as material, are as follows:

On the 14th day of January, 1906, the St. Mark Lodge, United Brothers of Friendship and Sisters of Mysterious Ten, a fraternal insurance corporation, organized under the laws of the State of Arkansas, issued a policy of life insurance for $225 to one of its members, Philip Jones, in favor of Emma Rogers. In December, 1908, upon the written application of said Philip Jones, the beneficiary named in the policy was changed from Emma Rogers to Lucy Ross, and, as changed, the policy was in force at the death of the insured, which occurred some time during the following January.

The by-laws of the association contain a provision that any member in open lodge may ask for the change of the name of the beneficiaries in his policy, and that the secretary shall change the name and keep a record of the same.

In the case of *Beasely* v. *Mutual Aid Association,* 94 Ark. 499, this court held that the beneficiary in a policy of this kind had no vested rights therein. To the same effect, see *Strickland* v. *Strickland,* 87 Ark. 131. Hence the only question which affects the rights of appellee in this case is whether or not there has been an actual change of beneficiaries before the death of the insured.

The records of the association show that such change was made before the death of the insured. The insured, according

to the testimony introduced by appellee, applied to the company by a written communication to change the name of the beneficiary in his policy, and designated the person whom he wished to be substituted.   This communication was delivered to appellant company in open lodge, and was accepted by it.   The company thus recognized his right to change the beneficiary, and accepted this method of doing so. Whether the change is strictly according to the by-laws is immaterial.   The by-laws authorized the change, and the change was made by defendant company on the application of the insured, and the company now is estopped from questioning the validity of the change.   *Beasely* v. *Mutual Aid Assn. supra; Smith* v. *Metropolitan L. Ins. Co.,* 222 Pa. 226, 20 L. R. A. (N. S.) 928.

Appellee, having no vested right in the policy, could not question the method by which the change of beneficiaries was made. She was only interested in the question of whether or not a change had actually been made.

It follows that the court erred in directing a verdict for appellee, and for this error the judgment must be reversed, and the cause will be remanded for a new trial.