BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN
*v.* CRAVENS.

## Opinion delivered June 15, 1914.

1. FRATERNAL INSURANCE—CONTRACT—CONSTITUTION AND BY-LAWS.—The
constitution and by-laws of a fraternal order become a part of a
contract of insurance with it, and are binding on the order unless
inconsistent with the terms of the benefit certificate.    (Page 403.)

2. BENEFIT INSURANCE—PROVISIONS—RIGHT OF HOLDER—"CONSUMPTION
CLAUSE."—A benefit policy provided that the holder of the policy
was entitled to the amount of the same if he became afflicted with
consumption in its last stage. *Held,* when the holder became
afflicted with consumption in its last stage the right to the
amount of the benefit certificate vested in him, and when he as-
serted that right by suit, it survived after his death to his estate,
and the beneficiary named in the certificate was excluded.
(Page 403.)

3. APPEAL AND ERROR—EVIDENCE—WEIGHT—LEGAL SUFFICIENCY.—On ap-
peal a judgment will not be disturbed when there is any legally
sufficient evidence to sustain the verdict.    (Page 403.)

Appeal from Sebastian Circuit Court, Fort Smith
District; *Daniel Hon,* Judge; affirmed.

### STATEMENT BY THE COURT.

W. E. Cole was a member of the order of Brother-
hood of Locomotive Firemen and Enginemen (the appel-
lant), a fraternal organization doing business in this
State on a lodge basis, and maintained by the assessment
of its members.  W. E. Cole held a benefit certificate or
policy for $1,500, which at his death was payable to J. C.
Moss, a half-brother.  A clause of the constitution and
by-laws of the order provides: "If a beneficiary mem-
ber in good standing shall become afflicted with consump-
tion of the lungs in its last stage he shall be entitled to
the amount of his benefit certificate.  Cole in his lifetime
sued the appellant, setting up his certificate and alleging
that he was afflicted with consumption of the lungs in its
last stage, and under the constitution, that he was entitled
to be paid the amount of his certificate, he having com-
plied with the by-laws of the order in furnishing proof of
his affliction.  The answer admitted that Cole was a mem-

ber of the order and held a certificate as alleged, but alleged that it did not know whether Cole was suffering with consumption of the lungs in its last stage, and called for strict proof thereof. It set up by way of affirmative defense that the application to become a member contained this question: "Do you use wine, spirituous or malted liquors?" and that Cole answered it "No." That the answer under the terms of the application, which was a part of the certificate, and, of the contract under which Cole was insured, was made an express warranty; that the answer given was material and was false in that Cole was and had been for some time an habitual drinker, and that if afflicted with consumption as alleged, it was brought on by his habitual excessive use of intoxicating liquors. Upon these issues the cause was heard in the circuit court the first time, and on appeal to this court the judgment was reversed and the cause remanded for new trial. See, *Brotherhood Locomotive Firemen and Eng.* v. *Cole*, 108 Ark. 527. Cole died before the second trial, and the cause was revived in the name of Ben Cravens, special administrator. The appellant moved the court to have J. C. Moss made a party, setting up that he was the sole beneficiary of the policy since the death of Cole, and was threatening to sue appellant thereon. The court overruled this motion. The cause was sent to the jury. The testimony showed that Cole, before this suit was instituted, had consumption of the lungs in its last stage. The trial resulted in a verdict and judgment for the estate, and this appeal has been duly prosecuted.

*W. S. Chastain*, for appellant.

1. The refusal to make Moss, the beneficiary, a party to the suit, was reversible error. The statute is mandatory and can not be ignored. Kirby's Dig., § 6011; 74 Ark. 54, and cases cited. Cole died before he acquired a vested right. When the case was reversed on former appeal, the matter stood as though no judgment had ever been rendered, and no final judgment had been rendered at the time of his death. 47 Ark. 359.

2. There is no evidence of substantive force sufficient to sustain the verdict. The testimony of five witnesses establishes the fact that Cole was a habitual and customary user of intoxicating liquor, and the probative force of the testimony of those disinterested is so great that it is not weakened by the testimony of Cole himself (there is no other evidence contradicting them), the effect of whose testimony was an admission that he was a customary, as well as an occasional, user of intoxicants. The court should have directed a verdict for appellant. 32 Ark. Law Rep. 663; 26 *Id.* 257.

*Cravens & Cravens,* for appellee.

1. "The constitution and by-laws of a fraternal order become a part of the contract insuring its members, and, if not inconsistent with the terms of the certificate, will be binding as part of the contract." 105 Ark. 140.

The constitution of appellant provides that when a member becomes afflicted with consumption in its last stages, *he shall be entitled to the amount of his beneficiary certificate.* Availing himself of this provision of the constitution of the order, Cole demanded, and pressed his suit, for the amount of the certificate up to the time he died; therefore, the amount of the policy belongs to his estate, and the court did not err in refusing to make Moss a party to the suit. 97 Ark. 50; 91 Ark. 377; Kirby's Dig., § 6298. Moss had no vested interest in the benefits under Cole's policy. 96 Ark. 154. See, also, 97 Ark. 425.

2. There is legally sufficient evidence to sustain the verdict. This court will not disturb a jury's verdict, unless it is entirely unsupported by the evidence. 100 Ark. 629; 89 Ark. 321; 70 Ark. 136.

WOOD, J., (after stating the facts). 1. Appellant contends that Moss was a necessary party, and that the court erred in overruling its motion to have him made a party. The constitution and by-laws of a fraternal order become a part of the contract of insurance and are binding on the order unless inconsistent with the terms of the benefit certificate. *Supreme Royal Circle of Friends of the World* v. *Morrison,* 105 Ark. 140. The clause of the

Constitution entitling the member to the amount of his certificate when he became afflicted with consumption in its last stage, is not in conflict with any provision of the benefit certificate sued on. Therefore, Cole was entitled to the amount of his certificate when he became afflicted with consumption in its last stage. Under the terms of the contract with appellant, the right of Cole to the amount of his benefit certificate vested the moment he became afflicted with consumption in its last stage. If Cole had died without claiming the amount of his certificate under the ''consumption'' clause, this would have been a waiver by him of his rights under that clause. In that event, Moss would have been entitled to claim the amount of the certificate. But Cole having the right to the amount and having asserted such right, by suit, at his death the right survived to his estate. Therefore, the court did not err in overruling appellant's motion to make Moss a party. Under the provisions of section 6298, of Kirby's Digest, the court properly designated a special administrator to represent the estate and to continue the litigation for its benefit. Moss, the beneficiary named in the certificate, had no vested interest in the amount of Cole's certificate. Cole had the right under the by-laws to change the beneficiary at any time, and his act in claiming the amount for himself, under the ''consumption clause,'' excluded any rights that Moss otherwise would have had at Cole's death. See, *Ross* v. *Rogers,* 96 Ark. 154; *Brotherhood of Locomotive Firemen & Enginemen* v. *Aday,* 97 Ark. 425.

2. The issue as to whether or not Cole had violated the terms of the warranty by the habitual use of intoxicating liquors was submitted to the jury upon instructions in conformity with the law as announced in *Metropolitan Life Ins. Co.* v. *Shane,* 98 Ark. 132. The appellant contends that there was no evidence to support the verdict on this issue. While the preponderance of the evidence was against the finding of the jury, it can not be said that there was no evidence to sustain the verdict. The question for us is not whether the verdict is against the weight of the evidence, but whether there is any le-

gally sufficient evidence to sustain it. *St. Louis & S. F. Rd. Co.* v. *Kilpatrick,* 67 Ark. 47; *St. Louis, I. M. & S. Ry. Co.* v. *Wilson,* 70 Ark. 136; *Scott* v. *Moore,* 89 Ark. 321; *F. Kiech Mfg. Co.* v. *Hopkins,* 108 Ark. 578-591. There was such evidence. The judgment is therefore affirmed.