## MOORE *v.* THOMAS.

Opinion delivered January 28, 1918.

1. APPEAL AND ERROR—CREDIBILITY OF WITNESSES.—The jury is the sole judge of the credibility of witnesses and the weight to be attached to their testimony.

2. APPEAL AND ERROR—FINALITY OF VERDICT.—A verdict will not be disturbed on appeal if supported by any legally substantial evidence.

3.  APPEAL AND ERROR—INCOMPETENT TESTIMONY—EXCEPTIONS.—An objection alone, to the admission of incompetent testimony, is not sufficient.  An exception must be saved.

Appeal from Miller Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*Webber & Webber,* for appellant.

1.  It was error to admit certain checks and papers in evidence on which appellant's signature appeared. This was prejudicial.. 32 Ark. 337; 62 L. R. A. 836, and note; 2 Elliott on Ev., par. 1105; 6 Enc. of Ev. 410.

2.  It was error to admit a letter purported to have been written by appellant.  Appellee's testimony is very unsatisfactory.  The first note was a forgery and the signature to the second promise was obtained by fraud. There was absolutely no evidence to sustain the verdict.

*John N. Cook,* for appellee.

1.  Appellee's testimony is consistent and the evidence supports the verdict.   126 Ark. 306; 113 *Id.* 403.

2.  No exceptions were saved to the admissibility of the checks, papers, letter, etc.   126 Ark. 305.

HUMPHREYS, J.  Appellee brought suit before a justice of the peace in Garland township, Miller county, Arkansas, against appellant to recover a balance due upon a note in the sum of $460, purported to have been signed by appellant on January 5, 1915, for borrowed money.

Appellant defended against the note on the ground that it was a forgery.

Appellee obtained judgment against appellant in the magistrate's court, from which an appeal was taken to the circuit court of Miller county and the cause was there tried upon the same issue and a verdict and judgment rendered in favor of appellee for $222.90.

Proper steps were taken and an appeal has been prosecuted to this court.

Appellee testified, in substance, that appellant owed her $60 and that she had $400 in cash that she had obtained from her father's estate by gift from her step-

mother; that by appointment she met appellant at the Crown Drug Store in Texarkana, Arkansas, where she handed him the $400 in money and received in exchange a promissory note for $460 which had already been filled out and signed; that he had previously arranged with her for this loan, that the body of the note was written in pencil and the signature in ink, and that she did not know who had prepared the body of the note; that it then occurred to her that she might need the money before the maturity of the note, and asked appellant for a demand note, which he agreed to give her; that on the same day, at the Miller County Bank & Trust Company, she wrote upon a deposit slip as follows: ''I promise to pay Mollie D. Thomas $460 at 10 per cent. per annum,'' which promise was signed by him; that she obtained the money from her stepmother a few days before she loaned it to appellant; that when he executed the last promise he did not request her to return the original promissory note upon which she brought suit; that a short time after the execution of the note appellant endorsed her husband's notes amounting to $237.10, for which she gave appellant credit on her note.

Mary S. McCain gave testimony in corroboration of testimony given by appellee to the effect that she had given appellee $400 in money in December, 1913, which she had received, as widow, from the estate of T. J. McCain, deceased; that appellee was a delicate child and that she had learned to love her as much as if she had been her own child.

Appellee's evidence was also corroborated by the testimony of D. L. Dillard to the effect that, as administrator of the estate of T. J. McCain, deceased, he had paid Mary S. McCain, widow, $450 in cash in addition to other property which had been divided between the heirs prior to that time.

There was a conflict between the direct evidence of appellee and her stepmother, Mary S. McCain, as to the date she received the money, but appellee, in rebuttal, testified that her stepmother was old and forgetful, and

while she testified the money was given to her in December, 1913, it was, in fact, given to her in December, 1914. This latter statement reconciled the conflict in the testimony on that point.

Appellant testified that the first note was a complete forgery and that his signature to the demand note was obtained on a blank deposit slip by a simple request for his signature; that the promise written above his signature was written after he had signed it and without his consent or permission; that he had never borrowed any money from her and owed her nothing on the note.

Facts and circumstances were detailed by witnesses Wheeler, Booker and Mrs. Fox tending to. support appellant in his contention that his signature to the first note was a forgery and that his signature to the second promise was obtained on the blank bank deposit slip in the manner testified to by him.

A letter was introduced in evidence, over the objection of appellant, written by appellant to appellee for the purpose of comparing his signature on the letter with the signature on the first promissory note. No exception to this evidence was saved by appellant. Checks and other papers, signed by appellant, were offered for the same purpose, and the court ruled that they were admissible. Appellant objected and excepted but the bill of exceptions fails to show that the checks and papers were introduced and read to the jury.

(1) It is insisted by appellant that the verdict of the jury is against the weight of the evidence and that for that reason the judgment should be reversed. It is said that appellee's evidence is not only contradictory but it is in conflict with the evidence of all the other witnesses on various points. This court is. committed to the doctrine that the jury are the sole judges of the credibility of the witnesses and the weight to be attached to their testimony. *Coats* v. *State*, 101 Ark. 51; *Rhea* v. *State*, 104 Ark. 162.

(2) There is substantial evidence in the record in support of the verdict and judgment. It has been said by this court in many cases that it will not disturb a ver-

dict on appeal if supported by any legal, substantial evidence. *Brotherhood of L. F. & E.* v. *Cravens,* 113 Ark. 400, and cases cited therein in support of this doctrine, also *Jones* v. *Hunter,* 126 Ark. 306.

(3) We can not consider the alleged error of the trial court in holding that the checks and other papers containing the signature of appellant were admissible for the reason that the bill of exceptions fails to show that the checks and papers were introduced in evidence. Nor can we consider the alleged error in the admission of the letter for the purpose of comparing the signature of appellant on the letter with the signature on the promissory note, for the reason that no exception was saved by appellant to the introduction of the letter. An objection alone is not sufficient. It is also necessary to save an exception. *Jones* v. *Hunter,* 126 Ark. 305.

No error appearing in the record, the judgment is affirmed.